S07A0721. BARLOW v. THE STATE.
(647 SE2d 46)

CARLEY, Justice.

In 2001, Bradford Barlow was charged with murder, and the State filed notice of its intent to seek the death penalty. In 2003, he pled guilty to felony murder, and the trial court sentenced him to life

imprisonment. In 2006, Barlow filed a pro se motion for an out-of-time appeal, asserting that he received ineffective assistance of counsel and had not been advised by the trial court that he had the right to appeal. The trial court denied the motion, concluding that "the issues raised by the defendant in this case cannot be resolved by facts appearing in the record." Barlow appeals pro se from the trial court's order.

"A criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea." *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Compare *Carter v. Johnson*, 278 Ga. 202, 204 (599 SE2d 170) (2004) (right to direct appeal from denial of motion to withdraw a guilty plea). "[A]n appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. [Cit.]" *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). Contrary to Barlow's contention, the trial court was not obligated to inform him of this qualified right. See *Syms v. State*, 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999).

> An out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. [Cit.] The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

*Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997). Thus, defense counsel's obligation to inform the defendant of the right to appeal from the judgment and sentence entered on a guilty plea arises " 'only if the issue on appeal can be resolved by facts appearing in the record. (Cit.)' [Cit.]" *Smith v. State*, supra.

Instances of alleged ineffectiveness of trial counsel, other than the failure to advise the defendant of the qualified right of appeal, generally are not relevant considerations, since they usually cannot be resolved with reference to facts appearing in the record as it then exists. *Thorpe v. State*, 253 Ga. App. 263, fn. 1 (558 SE2d 804) (2002). A challenge to effectiveness requires a determination of both defi-

cient performance and prejudice, which normally "can be developed only in the context of a post-plea hearing. [Cit.]" *Grantham v. State*, supra at 636. See also *Stewart v. State*, 268 Ga. 886, 887 (494 SE2d 665) (1998). With regard to an out-of-time appeal, the only relevant effectiveness factor is whether the defendant had a possible ground for appeal about which his lawyer failed to inform him. See *Thorpe v. State*, supra. If Barlow " 'had no right to file even a timely notice of appeal from the judgment of conviction entered on (his) guilty plea, he was not entitled to be informed of a non-existent "right" to appeal.' [Cit.]" *Smith v. State*, supra.

Barlow does not contend that "the trial court erroneously failed to determine, on the record, that the plea[ was] voluntary pursuant to Uniform Superior Court Rule 33.7." *Grantham v. State*, supra at 635. He simply argues that his plea was involuntarily "coerced" by his attorney's statement that, since the State was seeking the death penalty, he faced the possibility of being electrocuted if found guilty. He contends that, at the time he was told this, electrocution had been declared cruel and unusual punishment by this Court. See *Dawson v. State*, 274 Ga. 327 (554 SE2d 137) (2001).

Even assuming, solely for the sake of argument, that misinforming a client who is facing the death penalty that he might be electrocuted, rather than die by lethal injection, if found guilty, can ever be deemed coercive, the fact still remains that the alleged statement in this case is not reflected in the record on appeal. *Stewart v. State*, supra. Compare *Thorpe v. State*, supra at 264. "Consequently, [Barlow's] remedy is habeas corpus, and it was not error to deny his motion for an out-of-time appeal. [Cits.]" *Stewart v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2007.

Bradford T. Barlow, *pro se.*
*Jewel C. Scott, District Attorney, Todd E. Naugle, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.