## S09A1759. JOHNSON v. THE STATE.

(687 SE2d 833)

MELTON, Justice.

During a jury trial, Charles Johnson, Jr., pled guilty to felony murder, aggravated assault, family violence battery, cruelty to children in the third degree, and arson in the first degree.[1] Johnson appeals pro se contending that the trial court erred in denying his motion for an out-of-time appeal. Finding no error, we affirm.

Johnson contends that, because he did not enter his guilty plea freely and voluntarily, and because Count 3 of his indictment (charging him with aggravated assault) was void, the trial court erred in denying his motion for an out-of-time appeal. In evaluating Johnson's claims, we must keep in mind that

> [a] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. An appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. . . . An out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

---

[1] On March 6, 2006, Johnson was indicted for malice murder, felony murder, two counts of aggravated assault, family violence battery, cruelty to children in the third degree, two counts of arson in the first degree, and obstruction of a firefighter. In exchange for Johnson's guilty plea, the State nolle prossed the malice murder count, one count of aggravated assault, one count of arson, and the obstruction of a firefighter count. The aggravated assault count was merged with the felony murder count for sentencing purposes. On October 24, 2006, Johnson was sentenced to life imprisonment for felony murder, two concurrent sentences of twelve months each for family violence battery and cruelty to children in the third degree, and a concurrent sentence of twenty years for arson in the first degree. On March 17, 2009, Johnson filed a pro se motion for an out-of-time appeal, which the trial court denied on May 20, 2009. Johnson's timely appeal was docketed in this Court on July 9, 2009, and submitted for decision on the briefs.

(Citations and punctuation omitted.) *Barlow v. State*, 282 Ga. 232, 233 (647 SE2d 46) (2007). "The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court and the court's decision will not be reversed absent an abuse of that discretion." (Citation omitted.) *Moore v. State*, 285 Ga. 855, 856 (1) (684 SE2d 605) (2009).

Here, the record reveals that Johnson began his jury trial on October 17, 2006. By October 18, nine witnesses had testified for the State, including Johnson's daughter, who testified that Johnson had punched her in the face and forced her into a closet on the night that her mother was murdered, and directly implicated Johnson in the strangulation death of her mother on that same night. During a court recess, Johnson and his lawyer discussed the propriety and wisdom of entering a guilty plea to the charges against him. Upon returning from the recess, Johnson entered a guilty plea to felony murder, aggravated assault, family violence battery, cruelty to children in the third degree, and arson in the first degree, acknowledging, under oath, that he had completed the "Plea of Guilty: Acknowledgment and Waiver of Rights" form and had answered all of the questions on the form truthfully. Johnson's lawyer certified in writing that he had reviewed all of the questions on the form with Johnson, and that he was satisfied that Johnson understood all of the rights that he was waiving. The trial judge verified that Johnson could read and write and that Johnson was not under the influence of any drugs or alcohol, and explained to Johnson that in signing the plea form he was waiving all of the rights contained therein. The trial judge specifically reminded Johnson that he would be waiving his right to complete the jury trial that had already begun, and Johnson verified that he understood what he was doing, that he was entering his plea freely and voluntarily, and that the choice to enter the plea was his and his alone. Based on the record before us, "we are satisfied that [Johnson] freely and voluntarily entered his plea with a full understanding of what the plea connotes and of its consequence." (Punctuation omitted.) *Moore*, supra, 285 Ga. at 858 (1), citing *Boykin v. Alabama*, 395 U. S. 238, 244 (89 SC 1709, 23 LE2d 274) (1969). Because the resolution of the issue relating to Johnson's guilty plea is not in his favor, he is not entitled to an out-of-time-appeal on this issue, and the trial court therefore did not abuse its discretion in denying his motion for such an appeal. Id.

Furthermore, Johnson was not entitled to an out-of-time appeal based on his contention that Count 3 of the indictment was void. The indictment set forth all of the necessary elements of aggravated assault, specifically citing the aggravated assault statute (OCGA § 16-5-21), and informing Johnson that he was accused of "unlawfully assault[ing] the person of Sonatisha Johnson, with objects, to wit:

hands and an object, the description of which being unknown . . . which when used offensively against a person is likely to and does result in serious bodily injury." Because the indictment used the language of the statute, included the essential elements of the offense, and was sufficiently definite to advise Johnson of what he must be prepared to confront, it was not void. *Davis v. State*, 272 Ga. 818, 819 (1) (537 SE2d 327) (2000).

Finally, the trial court did not err in failing to grant Johnson an evidentiary hearing on his claim that his right to appeal was frustrated by ineffective assistance of his trial counsel. Indeed, "[g]iven that the record fails to establish that the claims of error [Johnson] could have raised in a timely direct appeal would have been meritorious, we need not consider whether his right to appeal was frustrated by the alleged ineffective assistance of his counsel." (Footnote omitted) *Smith v. State*, 298 Ga. App. 458, 460 (680 SE2d 516) (2009).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 1, 2010.

Charles Johnson, Jr., *pro se*.
*Richard R. Read, District Attorney, Debra M. Sullivan, Roberta A. Earnhardt, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.