## S11A1469. BROWN v. THE STATE.
### (720 SE2d 617)

THOMPSON, Justice.

Appellant Wilbert Brown appeals from the trial court's denial of his motion for out-of-time appeal. For the reasons that follow, we affirm.

On September 16, 1993, appellant entered negotiated pleas of guilty to charges of murder and possession of a firearm by a convicted felon. Pursuant to the agreement, he was sentenced to life in prison on the murder charge and a concurrent five-year term in prison on the possession charge. On June 4, 2010, appellant filed a motion for out-of-time appeal which the trial court denied on December 16, 2010. This appeal followed.

1. It is well established that a criminal defendant has " 'no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea,' " and " '[a]n appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record.' " *Barlow v. State*, 282 Ga. 232, 233 (647 SE2d 46) (2007). "The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty." *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997). The denial of a motion for out-of-time appeal is a matter within the discretion of the trial court. A court's decision to deny such a motion will not be overturned absent an abuse of discretion. *Moore v. State*, 285 Ga. 855 (1) (684 SE2d 605) (2009).

2. Appellant contends he was entitled to an out-of-time appeal because his indictment was void for failing to allege what instrument was used to shoot the victim. However, where an issue raised by a defendant in a motion for out-of-time appeal can be resolved against him based upon the existing record, there is no error in denying the motion. *Brown v. State*, 280 Ga. 658, 659 (631 SE2d 687) (2006). The indictment in this case alleges appellant did "with malice afore-thought cause the death of Eric Patterson, a human being, by shooting him." These allegations were sufficient to place appellant on notice that he was being charged with causing the death of the victim by shooting him with a firearm. See OCGA § 16-5-1 (a); *Morgan v. State*, 275 Ga. 222 (9) (564 SE2d 192) (2002). The indictment was not lacking an essential element of the crime of malice murder, and the court, therefore, did not err in denying the

motion for out-of-time appeal on this ground. See *Golden v. State*, 299 Ga. App. 407, 407 (683 SE2d 618) (2009) (even where issue can be resolved by reference to record, defendant not entitled to out-of-time appeal where record shows those issues must be resolved against him).

3. Similarly, appellant's claim that the indictment was void because the name of the grand jury foreman and the date of offense as to Count II were altered is not supported by the record. The indictment identifies "Norris E. Dow" as the grand jury foreman, and the indictment appears to be signed by "Norris E. Dow." The prosecutor's handwritten date change in Count II of the indictment prior to its presentation to the grand jury did not render the indictment void. Compare *Fleming v. State*, 276 Ga. App. 491, 493-494 (623 SE2d 696) (2005). Again, because appellant's challenges to the indictment can be decided against him on the existing record, it was not an abuse of discretion to deny the motion for out-of-time appeal on these grounds.

4. Appellant's claim that he was entitled to an out-of-time direct appeal because the trial court failed to swear him in prior to his guilty plea can also be decided against him on the existing record. Even assuming an obligation to place a criminal defendant under oath before accepting a plea, a review of the plea hearing transcript establishes that no objection to appellant's unsworn testimony was made at the time the testimony was given. Appellant, therefore, waived any objection he may have had to the court's failure to place him under oath. See *Sweeting v. State*, 291 Ga. App. 693, 694-695 (662 SE2d 785) (2008) (defendant waived objection to failure to place him under oath by failing to raise the issue at guilty plea hearing and proceeding to enter guilty plea); *Gilbert v. State*, 245 Ga. App. 544, 545 (538 SE2d 104) (2000) (guilty plea waives any objection to admissibility of testimony bearing on defendant's conviction).

5. Appellant was not entitled to an out-of-time appeal for his claims of ineffective assistance of counsel because such claims cannot be resolved on the facts appearing in the record. His remedy is to file a petition for habeas corpus. *Moore*, supra, 285 Ga. at 858 (3) (direct appeal cannot be taken from guilty plea on ground of ineffective assistance unless issue can be resolved by reference to facts on record); *Barlow*, supra, 282 Ga. at 233-234; *Coleman v. State*, 278 Ga. 493 (2) (604 SE2d 157) (2004).

6. For the reasons stated above, the trial court was not required to hold an evidentiary hearing on the issues raised. See *Upperman v. State*, 288 Ga. 447 (2) (705 SE2d 152) (2011). Nor was appellant entitled to the appointment of counsel on his motion for out-of-time appeal. See *Burroughs v. State*, 239 Ga. App. 600 (2) (521 SE2d 652) (1999).

*Judgment affirmed. All the Justices concur, except Hunstein, C. J., who concurs in judgment only.*

DECIDED JANUARY 9, 2012.

Wilbert L. Brown, *pro se.*

Timothy G. Vaughn, *District Attorney*, Lauren Shurling Finley, *Assistant District Attorney*, Samuel S. Olens, *Attorney General*, Paula K. Smith, *Senior Assistant Attorney General*, for appellee.