S12A0762. GREEN v. THE STATE.
(731 SE2d 357)

BENHAM, Justice.

Appellant Dexter Wendell Green, pro se, appeals from the trial court's order granting the State's motion to dismiss appellant's motion for an out-of-time appeal. In 1990, appellant entered a guilty plea and was sentenced to life in prison for malice murder. In May 2011, appellant moved for an out-of-time appeal, claiming he was not indicted, or that he involuntarily waived the indictment, and that the trial court failed to question him about the voluntariness of his plea. Appellant also alleged that his counsel was ineffective for failing to advise him that he could withdraw his guilty plea. For the reasons that follow, we affirm.

1. "[A] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea, and an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record." *Brown v. State*, 290 Ga. 321 (1) (720 SE2d 617) (2012) (citations and punctuation omitted).[1] To demonstrate that a plea was

---

[1] See also *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997):

An out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. [Cit.] The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

intelligently and voluntarily entered, the State may show "on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea. . . ." *Loyd v. State*, 288 Ga. 481 (2) (b) (705 SE2d 616) (2011).

In this case, the record shows, contrary to appellant's assertions, that a DeKalb County grand jury indicted appellant on January 26, 1990, for malice murder, felony murder, burglary, and cruelty to children in relation to the stabbing death of a woman in the presence of her minor child. A month later, appellant pled guilty to malice murder[2] after the prosecutor examined him under oath about the voluntariness of his plea and the waiver of his constitutional rights.

The plea hearing transcript shows that appellant testified that he understood what was happening; that he was not under the influence of alcohol or drugs; that he understood that he could receive a sentence of life in prison for pleading guilty to malice murder; and that he understood that he had a right to a jury trial, had a right against self-incrimination, and had a right to subpoena witnesses and cross-examine witnesses against him. Appellant stated unequivocally that he understood that he was foregoing these rights by pleading guilty. The fact that the prosecutor, rather than the trial court, questioned appellant about his rights and the effects of pleading guilty did not constitute error because the requirements of *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969) were met. *State v. Germany*, 245 Ga. 326, 328 (265 SE2d 13) (1980). Since the *Boykin* requirements were met and appellant stated that he understood the proceedings and understood the consequences of pleading guilty, his plea was voluntary. The factual allegations having been resolved against appellant by evidence in the record, the trial court did not err when it determined appellant was not entitled to an out-of-time appeal on these grounds. *Marion v. State*, 287 Ga. 134 (2) (695 SE2d 199) (2010).

2. Appellant alleges his counsel was ineffective for failing to advise him about the right to withdraw his guilty plea. This allegation of ineffective assistance of counsel cannot be resolved solely by facts in the record, but would require a post-plea evidentiary hearing. Therefore, the allegation is not subject to review stemming from a motion for out-of-time appeal, but must be pursued in an action for habeas corpus. *Gibson v. State*, 290 Ga. 516 (2) (b) (722 SE2d 741) (2012). The trial court did not err when it dismissed appellant's motion for an out-of-time appeal.

*Judgment affirmed. All the Justices concur.*

---

[2] The remaining charges against appellant were nolle prossed.

DECIDED SEPTEMBER 10, 2012.

Dexter W. Green, *pro se.*

*Robert D. James, Jr., District Attorney, Daniel J. Quinn, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

