S12A1639. CAMPOS v. THE STATE.
(734 SE2d 359)

HINES, Justice.

Sandro Campos, pro se, appeals the denial of his motion for an out-of-time appeal, following his entry of a plea of guilty to malice murder for the 2004 fatal shooting of Henry Jayaprakasham, and Campos's resulting sentence of life in prison. For the reasons that follow, we affirm.

In February 2005, a Whitfield County grand jury returned a six-count indictment against Campos: Count 1 – malice murder; Count 2 – armed robbery; Count 3 – felony murder while in the commission of armed robbery; Count 4 – aggravated assault; Count 5 – felony murder while in the commission of aggravated assault; and Count 6 – possession of a firearm during the commission of a crime. Campos entered into an agreement with the State, whereby he would

plead guilty to Count 1 and be subject to a life sentence and orders of nolle prosequi would then be entered as to the remaining counts. On October 4, 2005, a plea and sentencing hearing was held at which Campos entered his negotiated guilty plea to malice murder, and he was sentenced to life in prison. In March 2012, he filed a pro se "Motion for Out-of-Time Appeal and Request for Evidentiary Hearing on the Issue of Ineffective Assistance of Counsel," alleging that his attorney's representation was not effective because the attorney did not file a "pre-plea entry demurrer to 'quash' the fatally defective indictment of the case," and that his guilty plea was not knowing and voluntary because the superior court failed to advise him of his rights prior to his entry of the plea. Campos asked, inter alia, that the indictment against him be dismissed and that he be allowed to withdraw his guilty plea. On April 20, 2012, the superior court entered the ruling at issue, dismissing as untimely Campos's motion to the extent that it could be construed as a motion to withdraw his guilty plea, and denying the remaining portions of the motion, which alleged the defectiveness of the indictment and the ineffectiveness of plea counsel based principally upon the claim that, prior to his plea, Campos was not advised of his rights under *Boykin v. Alabama*, 395 U. S. 238 (98 SC 1709, 23 LE2d 274) (1969).

First, it is well settled that a trial court lacks jurisdiction to allow a defendant to withdraw a guilty plea when the term of court has expired in which the defendant was sentenced; thereafter, the only available means to withdraw the plea is through habeas corpus proceedings. *Loyd v. State*, 288 Ga. 481, 484 (2) (a) (705 SE2d 616) (2011). Thus, insofar as Campos's motion was a petition to withdraw his plea, the trial court was correct in ruling that it was untimely.

If Campos's motion is construed as one seeking an out-of-time appeal, the denial of such a motion is a matter within the discretion of the trial court, and the denial will not be overturned absent an abuse of that discretion. *Brown v. State*, 290 Ga. 321 (1) (720 SE2d 617) (2012). A criminal defendant does not have an unqualified right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea; in such situation, a direct appeal will lie only if the issue on appeal can be resolved by facts appearing in the record. *Leverette v. State*, 291 Ga. 834 (732 SE2d 255) (2012). An out-of-time appeal is appropriate when a direct appeal was not pursued as the result of the ineffective assistance of counsel; however, for an out-of-time appeal to be available on this basis, the defendant must have had the right to file a direct appeal, and as noted, a direct appeal from a judgment of conviction and sentence entered on a guilty plea can be had only if the resolution of the issue on appeal can be accomplished by reference to facts on the record. *Johnson v. State*, 286 Ga. 432 (687

SE2d 833) (2010). Thus, any issue of the effectiveness of counsel is not reached unless the appeal can be resolved by reference to facts on the record. Id. Furthermore, if the assertions of error can be decided on the basis of the existing record and are found to be without merit, there is no abuse of the trial court's discretion in denying a motion for an out-of-time appeal. *Leverette v. State*, supra. That is precisely the situation in Campos's case.

In order to establish that Campos's guilty plea was voluntarily, knowingly, and intelligently made, under *Boykin v. Alabama* it must be shown that Campos was informed of the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers. *Burns v. State*, 291 Ga. 547 (1) (a) (731 SE2d 681) (2012).

The plea hearing transcript reveals first that the plea court asked Campos whether he understood that if he pleaded not guilty he would "have the right to remain silent and . . . wouldn't have to admit anything" to which Campos replied "yes." The terms "right to remain silent" and "right against self-incrimination" are synonymous for the purpose of satisfying the requirements of *Boykin v. Alabama* if it is plain, as here, that the plea court is referring to the right to remain silent at trial. *Adams v. State*, 285 Ga. 744, 746, n. 3 (683 SE2d 586) (2009). Second, the plea court explicitly informed Campos of his right to trial by jury not once, but twice. The court told Campos that a trial had been scheduled for his case, and if he wished, his "case would be tried before a jury." When asked if he understood, Campos replied "yes." Later, the court again asked Campos if he understood that, should he plead not guilty, he would have the right to a jury trial. Campos again replied affirmatively. Lastly, the court asked Campos whether he understood that if he pled not guilty he would "have the right to confront witnesses and require them to testify against [him] in [his presence] and be cross-examined," to which Campos replied "yes." *Boykin v. Alabama* was plainly satisfied.

What is more, the State articulated the plea agreement and established the factual basis for the plea. The plea court obtained from Campos information about his age and educational background, and informed him that by entering the plea, he would be forfeiting any objections to the legality of any searches, and that Campos had the right to be represented at trial by appointed counsel, and if convicted, the right to an appeal. Additionally, the court verified that Campos had ample opportunity to confer with his counsel, including about possible defenses; that he understood the malice murder charge against him and that he would receive a life sentence; that he knew what the State would have to prove in order to obtain a conviction, including that he caused the death of the victim by

shooting him with malice aforethought; that Campos had not been threatened or put in fear or promised anything in regard to entry of the plea; that his decision to plead guilty was a free and voluntary one; and that Campos was pleading guilty because he indeed was guilty of killing the victim.

Inasmuch as Campos's factual allegations are belied by the evidence of record, there was no error when the trial court determined that he was not entitled to an out-of-time appeal. *Green v. State*, 291 Ga. 506 (1) (731 SE2d 357) (2012).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

Sandro Campos, *pro se.*

Herbert M. Poston, Jr., District Attorney, Mark P. Higgins, Jr., Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.