S13A0356. HENDERSON v. THE STATE.
(743 SE2d 19)

BLACKWELL, Justice.

After his jury trial had begun, William James Henderson pled guilty to two counts of murder and additional counts of attempted murder, rape, burglary, and numerous lesser offenses. Henderson appeals pro se, claiming that the trial court erred in denying his out-of-time appeal.[1] Upon our review of the record and briefs, we see no error and affirm.

---

[1] Henderson entered his guilty plea on May 24, 2000, and he was sentenced to three consecutive life sentences for the murder and rape charges, a consecutive term of twenty years for burglary, consecutive terms of ten years each for attempted murder and attempted arson, and three consecutive terms of five years each for possession of a firearm by a convicted felon. On June 4, 2012, Henderson filed a pro se motion for an out-of-time appeal, which the trial court denied on June 7, 2012. Henderson timely filed his notice of appeal on June 25, 2012, and the Court of Appeals transferred the case to this Court on November 1, 2012. The case was docketed in this Court for the January 2013 term and submitted for decision on the briefs.

An out-of-time appeal is designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because, although he was entitled to the effective assistance of appellate counsel, his lawyer "was professionally deficient in not advising him to file a timely appeal[,]" and he was prejudiced by that deficiency. *McMullen v. State*, 292 Ga. 355, 356 (2) (737 SE2d 102) (2013). Here, Henderson's motion for an out-of-time appeal asserted that he was not advised by anyone — either the trial court or his lawyer — of his right to directly appeal his conviction. But even assuming that this is a claim that his lawyer was professionally deficient, Henderson was not entitled to an out-of-time appeal unless he had the right to file a direct appeal. *Johnson v. State*, 286 Ga. 432 (687 SE2d 833) (2010). And a direct appeal from a judgment of conviction and sentence entered on a guilty plea is available only "if the issue on appeal can be resolved by reference to facts on the record." Id. (citation omitted). As a result, "[t]he ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty." Id. (citation omitted). Accordingly, we consider whether Henderson's claims about the invalidity of his guilty plea can be resolved in his favor based on the existing record.

1. First, Henderson contends that he was not informed at the plea hearing of his right against compulsory self-incrimination or that he was waiving that right by pleading guilty.[2] See *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969); *Campos v. State*, 292 Ga. 83, 85 (734 SE2d 359) (2012) ("In order to establish that [a] guilty plea was voluntarily, knowingly, and intelligently made, under *Boykin v. Alabama* it must be shown that [defendant] was informed of the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers.") (citation omitted). But the record in this case disproves this contention. The record contains an acknowledgment of rights that Henderson signed, in which he agreed that he understood each of the rights that he was waiving by pleading guilty, and he initialed to indicate his specific understanding that, if he chose to go to trial, he would have the right to choose whether to "testify or not testify, . . . that [he] cannot be required to testify, and that if [he] d[id] not testify, the jury

---

[2] Although not disputed by Henderson, we note that the transcript of the plea hearing reveals that the State articulated the plea agreement and established the factual basis for the plea, which includes that Henderson broke into the home of his ex-wife for the purpose of killing her and burning her house down, murdered his former stepson while he slept, and raped and murdered his former stepdaughter. The plea transcript also shows that the trial court verified that Henderson was satisfied with the representation provided by each of his lawyers.

cannot take that as evidence against [him]." The acknowledgment of rights was submitted by Henderson at the plea hearing and accepted by the trial court after Henderson testified that he understood the document and each of the rights he was waiving.[3] Henderson also testified that he was not under the influence of alcohol or drugs, had not been promised any reward or benefit for pleading guilty, and understood that he could receive the death penalty. In addition, the trial court discussed each of the rights that Henderson was waiving by pleading guilty, including his right against self-incrimination, and Henderson explicitly said under oath that he understood that he was giving up each of those rights by pleading guilty. The State met its burden of showing that Henderson was advised of his right against compulsory self-incrimination, as well as the other *Boykin* rights, and Henderson, therefore, is not entitled to an out-of-time appeal on this issue. *Campos*, 292 Ga. at 86; *Green v. State*, 291 Ga. 506, 507 (1) (731 SE2d 357) (2012); *Johnson*, 286 Ga. at 433.

2. Henderson also contends that the trial court improperly made "personal remarks" after it accepted his plea and imposed his sentence. The remarks about which Henderson complains consist of the trial court's statements — apparently to the family of the victims — that the guilty plea would "close this case forever, and we'll sentence him to prison forever" and that there was no chance that Henderson's convictions would be "overturned 15 years from now on some . . . grounds that we haven't even thought of yet." Henderson claims that these remarks violate Supreme Court Rule 29, which prohibits "[p]ersonal remarks which are discourteous or disparaging to opposing counsel or to any judge."[4] But Supreme Court Rule 29 (and the nearly identical Court of Appeals Rule 10, which is also cited by Henderson) apply to remarks made on appeal, not remarks made in the trial court during a plea hearing. And, in any event, Henderson has not shown that the remarks were "discourteous or disparaging[,]" and they certainly were not directed "to opposing counsel or to any judge." Nor has Henderson shown why the remarks should invalidate the guilty plea that he had already entered by the time the remarks were made.

---

[3] In a supplemental brief, Henderson claims that the acknowledgment of rights form contained in the record was "never used at his plea hearing." But this claim is belied by the record, which shows that the acknowledgment of rights form was "[f]iled in open court" on May 24, 2000, as attested by the deputy clerk of the Superior Court of Carroll County.

[4] In his supplemental brief, Henderson alleges that the remarks made by the trial court also violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution. But these constitutional claims were not raised below and are waived on appeal. See *Brinkley v. State*, 291 Ga. 195, 198 (2) (728 SE2d 598) (2012).

The record fails to establish that the claims of error that Henderson could have raised in a timely direct appeal would have been meritorious. As a result, we need not consider whether his right to appeal was frustrated by ineffective assistance of counsel, and the trial court did not err when it denied Henderson's motion for an out-of-time appeal. *Johnson*, 286 Ga. at 433.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 2013 —
RECONSIDERATION DENIED MAY 20, 2013.

William J. Henderson, *pro se.*

Peter J. Skandalakis, *District Attorney,* Jeffery W. Hunt, *Assistant District Attorney,* Samuel S. Olens, *Attorney General,* Paula K. Smith, *Senior Assistant Attorney General,* for appellee.