### S13A0761. BURCH v. THE STATE.
#### (750 SE2d 141)

BLACKWELL, Justice.

In November 1995, Levon Burch entered a plea of guilty and was convicted of murder, armed robbery, and aggravated assault. More than 16 years later, he filed a motion for leave to bring an out-of-time appeal from his conviction. The trial court found, however, that "the issues [that Burch sought to raise in his out-of-time appeal] cannot be determined wholly by reference to the record," and for that reason, it denied his motion. From that denial, Burch appeals, and we affirm.

As we have explained before, a defendant "[is] not entitled to an out-of-time appeal unless he had the right to file a direct appeal." *Henderson v. State*, 293 Ga. 6, 7 (743 SE2d 19) (2013) (citation omitted). "And a direct appeal from a judgment of conviction and sentence entered on a guilty plea is available only if the issue on appeal can be resolved by reference to facts on the record." Id. (citation and punctuation omitted). For this reason, "the ability to decide the appeal based on the existing record [is] the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty." Id. (citation and punctuation omitted). We now consider — just as the trial court did — whether Burch seeks to raise claims in his out-of-time appeal that can be resolved solely by reference to the existing record.[1]

Burch contends that his guilty plea was not a voluntary and intelligent one, and in support of this contention, he claims that the trial judge failed to personally advise him of his *Boykin* rights during his plea colloquy.[2] But even if that were true, the record nonetheless

---

[1] Burch seems to argue that he was entitled to an evidentiary hearing to make a record for his out-of-time appeal because he filed his motion for out-of-time appeal pro se and without the assistance of counsel. That argument has no merit. See, e.g., *Lewis v. State*, 293 Ga. 544 (748 SE2d 414) (2013) (requiring pro se defendant to show that issues on appeal from judgment entered on guilty plea properly could be resolved solely by reference to existing record).

[2] The right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination are known as the "*Boykin* rights." See *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969).

shows that Burch was advised of his *Boykin* rights in connection with his plea. The record includes an acknowledgment-and-waiver-of-rights form — signed by Burch and his lawyer at his plea — that advised Burch of his *Boykin* rights, on which Burch acknowledged that he understood his rights, and on which his lawyer certified that he had reviewed the form with Burch and believed that Burch understood his rights. The record also contains an order of the trial court — entered contemporaneously with the plea — in which the court pointed to the acknowledgment-and-waiver-of-rights form and found that Burch understood and voluntarily had waived his *Boykin* rights. See *Brown v. State*, 290 Ga. 50, 51-52 (1) (718 SE2d 1) (2011) (waiver-of-rights form can serve as evidence that trial court or trial counsel adequately explained *Boykin* rights to defendant).

The existing record gives no reason to doubt the finding of the trial court that Burch entered his plea voluntarily and intelligently. Although Burch contends that he can adduce other evidence to impeach this finding, that other evidence is not now in the record, and it cannot properly be considered in a direct appeal from the conviction entered upon a guilty plea. To the extent a remedy is available to Burch, it is to be found in habeas corpus, not an out-of-time appeal. The trial court was right to deny the motion for out-of-time appeal, and we affirm the denial of that motion. See *Henderson*, 293 Ga. at 9 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 2013.

Levon Burch, *pro se.*

*Ashley Wright, District Attorney, Madonna M. Little, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.