297 Ga. 146
FINAL COPY

S15A0316.  FREEMAN v. THE STATE.

BENHAM, Justice.

Appellant Anthony Lamar Freeman was convicted of felony murder and other related crimes based upon a guilty plea entered in 1995.  He now appeals the trial court's denial of his motion for leave to file an out-of-time appeal.  For the reasons set forth below, we affirm.

The criminal charges against appellant included a charge of malice murder and other crimes related to the rape and shooting death of Alicia Lynn Yarbrough.  At the time of the crimes, appellant was fifteen years of age.  In 1995, at the age of sixteen, appellant entered a plea of guilty to felony murder, armed robbery, and burglary, and he was sentenced to two life sentences to be served concurrently, plus twenty years.  The factual basis presented by the prosecuting attorney at the plea hearing showed that appellant joined his co-indictees, two men who were older than appellant, in traveling to Spalding County for the purpose of killing Charles Puckett, who was then living with Ms. Yarbrough.  One of the co-indictees had dated Ms. Yarbrough in the past.  The

three men donned masks and broke into the residence where the couple was living. Puckett was not there, but the men took various items, and also transported Ms. Yarbrough to a hotel room where they took turns sexually assaulting her. They then drove the victim to a secluded spot where the two co-indictees got out of the car and shot her three times, killing her. The State informed the trial court at the plea hearing that appellant cooperated with authorities in finding the murder weapon and other evidence which may otherwise have never been found, and that appellant agreed to testify truthfully at the trials of the co-indictees, against whom the State was seeking the death penalty. Appellant's counsel represented to the trial court that appellant did not know about the planned enterprise at the time he traveled with the others to Spalding County, and that, although appellant was present during the robbery, he tried to get away a couple of times. The prosecutor stated at the hearing that because of appellant's age at the time the crimes were committed, the State could not seek the death penalty. See *Thompson v. Oklahoma*, 487 U. S. 815 (108 SCt 2687, 101 LE2d 702) (1988).

The trial judge set out, for the appellant, each of the crimes for which he was charged along with the maximum sentence each crime carried. In response

to being asked, appellant answered that he understood the charges and the maximum possible sentences. Appellant responded that he understood when the prosecutor informed him that, had he gone to trial and been convicted, he "could have been found guilty of either malice or felony murder, which would carry a life sentence; kidnapping with bodily injury, which carries a life sentence; armed robbery, which carries a life sentence; burglary, which carries a sentence of up to 20 years; rape, which carries a sentence of up to life imprisonment; and aggravated sodomy, which carries a sentence of up to life imprisonment." The hearing transcript further shows appellant acknowledged he understood the rights he would be waiving by entering a guilty plea, and the record also contains appellant's written acknowledgment of waiver of rights form. The trial court accepted the factual basis presented by the prosecutor and found that appellant was freely and voluntarily entering his plea. The judge accepted the guilty plea and advised appellant that he had the right to appeal. No direct appeal was filed.

In 2013, over eighteen years after entering his guilty plea, appellant, acting pro se, filed a motion for leave to file an out-of-time appeal. The trial court conducted a hearing on appellant's motion and denied it. This appeal

3

followed.

1. Appellant asserts his trial counsel provided ineffective assistance for failing to file a direct appeal. In fact, appellant asserts he repeatedly asked his trial counsel to seek an appeal of his guilty plea convictions. Ineffective assistance of counsel for failing to file an appeal may provide a ground for granting an out-of-time appeal. See *Stephens v. State*, 291 Ga. 837, 838 (1) (733 SE2d 266) (2012). This Court, however, has held that a criminal defendant is not entitled to an out-of-time appeal on this ground unless he can show from the existing record that the claims of error he could have raised in a timely direct appeal would have been meritorious. *Henderson v. State*, 293 Ga. 6, 9 (2) (743 SE2d 19) (2013). Each of appellant's various claims of error can be resolved on the existing record. Accordingly, we review each claim of error, below, and conclude with respect to each that appellant has failed to show he would have prevailed in a direct appeal.

In an out-of-time motion for new trial on the ground of ineffective assistance of counsel, just as in any other case asserting ineffective assistance, the appellant must meet the familiar *Strickland*[1] standard and demonstrate both

---

[1] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984).

4

deficient performance of counsel and that the deficient performance prejudiced the appellant. See *Stephens*, supra, 291 Ga. at 838-839. Because, as set forth below, appellant has failed to demonstrate he would have prevailed on appeal with respect to any of the alleged errors he has raised, he has failed to meet the required prejudice prong of the *Strickland* test, and his assertion that trial counsel was ineffective for failing to file a direct appeal lacks merit. See *Coulter v. State*, 295 Ga. 699, 702 (2) (c) (763 SE2d 713) (2014); *Henderson,* supra, 293 Ga. at 9; *Stephens*, supra, 291 Ga. at 840.

2. Appellant asserts he received ineffective assistance of trial counsel at the plea hearing. In particular, appellant asserts counsel inadequately investigated the case, failed to file any pre-trial motions, and coerced the defendant to plead guilty to crimes he did not commit by telling him the State would seek the death penalty against him, just as it was seeking the death penalty against the co-indictees. These claims are belied, however, by the transcript of the plea hearing, which shows that in response to questioning, appellant denied he had been coerced by anyone into taking the plea. Appellant confirmed he was satisfied with the representation his counsel had provided him, and further confirmed he understood the maximum possible sentences that

5

could be imposed on the crimes charged. In fact, both the trial judge and the prosecutor stated at the plea hearing that appellant could face life sentences for the crimes charged, and appellant responded that he understood. At no time during the plea hearing was any representation made that appellant could face the death penalty if tried and convicted. Instead, the transcript shows that prior to the trial judge's pronouncement that he would accept the guilty plea, the prosecutor reminded the judge the State could not seek the death penalty against appellant due to his age at the time of the crimes. Thus, appellant inaccurately states he was not informed that the prosecutor could not seek the death penalty because of his age until after the guilty plea had been accepted.

Pretermitting the issue of whether counsel's assistance at the plea hearing was deficient, appellant has failed to demonstrate he was prejudiced by the alleged deficient performance, as required by the second prong of the *Strickland* standard. Appellant responded at the plea hearing that he understood the nature of his plea, that he was satisfied with counsel's representation, and that he understood the rights he was waiving by entering the plea. Consequently, even if appellate counsel had been appointed to represent appellant in a direct appeal with respect to his claim of ineffective assistance of counsel at the plea hearing,

6

a timely appeal on this issue would have been unsuccessful because this claim lacks merit. Other than the bare assertion that he was only sixteen years old at the time of the plea hearing, appellant presented no evidence that he did not fully understand the questions posed to him, even though he answered that he did understand. Accordingly, the trial court did not err in denying appellant's motion for out-of-time appeal on this ground. See *Coulter*, supra, 295 Ga. at 702; *Henderson*, supra, 293 Ga. at 9; *Stephens*, supra, 291 Ga. at 840.

3. Appellant asserts his guilty plea was not supported by a factual basis as required by Uniform Superior Court Rule 33.9, but the transcript of the plea hearing shows otherwise. Uniform Superior Court Rule 33.9 establishes a mandatory requirement that a trial judge may enter a judgment upon a guilty plea only after "such inquiry on the record as may satisfy the judge that there is a factual basis for the plea." "[T]he rule requires nothing more than that the trial court make itself aware of the factual basis of the plea." See *State v. Evans*, 265 Ga. 332, 334 (2) (454 SE2d 468) (1995). Here, both the prosecutor and appellant's counsel made a recitation at the plea hearing setting forth sufficient facts of the case to support the guilty plea. The recited facts showed that a sufficient factual basis existed to support appellant's conviction either as a direct

participant or as a party to the crimes with respect to each crime charged. By accepting a plea, the judge is deemed to have made a factual finding that there is an adequate factual basis for the plea. *Adams v. State*, 285 Ga. 744 (4) (a) (683 SE2d 586) (2009). We find no error in that finding in this case.

4. The underlying felony alleged in the felony murder charge against appellant was aggravated assault with a deadly weapon. Appellant asserts that because he did not plead guilty to aggravated assault, and because the State failed to produce evidence that appellant committed either aggravated assault or felony murder, the record shows appellant did not understand the elements of the crime to which he pleaded guilty. But Georgia's felony murder statute does "'not require that the defendant be charged and convicted of the underlying felony. The jury must simply find that the defendant committed or attempted to commit it.' [Cit.] See also OCGA § 16-5-1 (c) . . . ." *State v. Jones*, 274 Ga. 287, 288 (1) (553 SE2d 612) (2001). Here, the statement of facts presented to the trial court sufficiently supported appellant's guilty plea to the felony murder charge by demonstrating he was a party to the crimes of aggravated assault and felony murder predicated upon the assault. Accordingly, this argument lacks merit.

5. We also reject appellant's assertion that the trial court abused its discretion by accepting the plea of guilty to armed robbery and burglary since appellant did not plead guilty to a weapons charge or a theft charge, and because, according to appellant, the State failed to demonstrate appellant had possession of a gun or other weapon. In support of this argument, appellant claims the evidence showed only that he was present at the scene of the crimes, and therefore, under the *Jackson v. Virginia*[2] standard, the evidence did not support a conviction on these charges. "Presence, companionship, and conduct before and after an offense is committed are circumstances from which participation in the criminal act may be inferred." (Citation and punctuation omitted.) *Thornton v. State*, 292 Ga. 87, 88 (2) (734 SE2d 393) (2012). The factual statements presented by the prosecutor were sufficient to support the acceptance of the guilty plea to these offenses as they demonstrated appellant was a party to these crimes.

6. Likewise, we reject appellant's assertion that because he did not plead guilty to theft, and because, according to appellant, the State failed to show he entered Yarbrough's residence with intent to commit theft, as alleged in the

---

[2] 443 U. S. 307 (99SCt 2781, 61 LE2d 560) (1979).

burglary count of the indictment, then the conviction for burglary should be reversed. As the factual basis for the plea, the State represented that the three conspirators went to Yarbrough's home for the purpose of robbing and killing Charles Puckett who resided at Yarbrough's residence. Despite the fact that appellant's counsel stressed to the court appellant's youth and represented that appellant tried to get away from his co-indictees, we reject the argument that the trial court was not authorized to accept the plea. Under these facts, we find the trial court did not err in accepting the guilty plea on the burglary charge because appellant's convictions for burglary, along with the other charges to which he pleaded guilty, are supported by the showing that appellant was a party to these crimes.

7. Appellant further urges that he is entitled to an out-of-time appeal of his guilty plea convictions because the elements of those crimes to which he entered a guilty plea were not explained to him on the record. But the cases appellant cites in support of this assertion are materially distinguishable. In *Breland v. Smith*,[3] involving the appeal of a ruling by the habeas court, the defendant was charged with burglary but entered a guilty plea to theft by

---

[3] 247 Ga. 690 (279 SE2d 204) (1981).

receiving stolen goods, a crime for which he was not indicted and which is not a lesser included offense of burglary. The record contained no transcript of the guilty plea hearing and was silent concerning the facts relied on to support the guilty plea. The reason the conviction and sentence were set aside was because it was impossible to find the defendant had notice of the crime to which he pleaded guilty due to the total absence of a record.[4] Here, the record supports the acceptance of the guilty plea.

*Henderson v. Morgan*[5] also involved a case in which the defendant entered a guilty plea to an offense for which he had not been indicted. The defendant was charged with first-degree murder but pleaded guilty to and was sentenced for second-degree murder, a crime involving intent to cause the death of the victim. The defendant sought a writ of habeas corpus and, after a hearing, the habeas court found the defendant was not advised by either his counsel or the trial court that intent was an essential element of the crime to which he was pleading guilty. The United States Supreme Court noted that the charge of second-degree murder was never formally made, which would have included a

---

[4]  Id. at 691.

[5]  426 U. S. 637 (96 SCt 2253, 49 LE2d 108) (1976).

11

charge that the victim's assault "was 'committed with a design to effect the death of the person killed,'" as that crime was defined by the applicable state statute.[6] As in the case now before us, a description of the acts committed by the defendant was presented to the judge hearing the guilty plea. But the Supreme Court noted that an admission that the defendant attacked and killed the victim did not necessarily involve an admission that defendant was guilty of second-degree murder in that it did not include an admission of the element of intent to kill. Finding that the defendant did not receive adequate notice of the offense to which he pleaded guilty, the Supreme Court concluded his plea was involuntary and affirmed the grant of a writ of habeas corpus.

Finally, *Harned v. Henderson*,[7] also relied upon by appellant, involved a guilty plea to a crime involving an element that was not admitted at the plea hearing. Among other things, the appellant was charged with rape and burglary in the first degree as defined by the applicable state law. According to the applicable statute, burglary in the first degree required the person charged to be found guilty of causing physical injury to another as a result of the illegal entry

---

[6] Id. at 645.

[7] 588 F2d 12 (2d Cir. 1978).

into a dwelling.[8] The plea hearing transcript showed that while the appellant admitted he illegally entered the house in question, he repeatedly denied he committed rape or attempted rape while there. Accordingly, the habeas court found that appellant did not admit the physical injury element of the burglary charge, and its finding that the plea was accepted without due process of law was affirmed on appeal.

In contrast to the facts involved in the cases relied upon by appellant, the charges to which appellant pleaded guilty were among those set forth in the indictment. On appeal of a decision involving a challenge to a guilty plea conviction, "we accept the trial court's factual findings and credibility determinations unless they are clearly erroneous and independently apply the legal principles to the facts." *Wright v. State*, 292 Ga. 825, 827 (2) (742 SE2d 468) (2013). The evidence is sufficient to support the trial court's finding that appellant freely and voluntarily entered his guilty plea.

8. We reject appellant's assertion that his plea was not knowingly, voluntarily, and intelligently entered. The record in this case shows appellant

---

[8] Id. at 13.

was advised of his *Boykin*[9] rights and, upon questioning, appellant responded that his plea was freely and voluntarily made without coercion. Appellant was duly informed of the nature of the charges against him and the maximum sentences he faced on each charge if convicted. The trial court did not commit reversible error in denying appellant's motion for out-of-time appeal.

Judgment affirmed. All the Justices concur.

Decided April 20, 2015 – Reconsideration denied May 26, 2015.
Murder, etc. Spalding Superior Court. Before Judge Crawford.
Anthony Lamar Freeman, pro se.
Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney; Smauel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.

---

[9] *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969).

14