In the Supreme Court of Georgia

Decided: November 16, 2015

S15A1589. WRIGHT v. THE STATE.

MELTON, Justice.

On March 4, 2015, Jeffrey Wright pled guilty to felony murder and, on that same day, was sentenced in the Wilcox County Superior Court to life imprisonment in connection with the February 14, 2014 burglary and stabbing death of Franz Tarth. On April 6, 2015, Wright filed a pro se motion to withdraw his guilty plea, which the trial court denied on April 9, 2015. Wright filed a pro se appeal from this order, and, for the reasons that follow, we affirm.

1. "It is well settled that, when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea." Henry v. State, 269 Ga. 851, 853 (1) (507 SE2d 419) (1998). On March 4, 2015, during the December 2014 term of court for the Wilcox County Superior Court, Wright pled guilty to and was sentenced for felony murder. Five days later, on Monday, March 9, 2015, the December term of court ended, and a new term began. OCGA § 15-6-3 (13)

(D) (Wilcox County Superior Court terms "shall commence . . . [on the] [s]econd and third Mondays in March; fourth Monday in August and Monday following; and first and second Mondays in December"). Because Wright did not file his motion to withdraw his guilty plea until April 6, 2015, the motion was untimely, and the trial court was without jurisdiction to allow the withdrawal of Wright's plea. Henry, supra. The only available means for Wright to withdraw his guilty plea now is through habeas corpus proceedings. Loyd v. State, 288 Ga. 481, 484 (2) (a) (705 SE2d 616) (2011).

Even if Wright had timely filed his motion, however, the motion still would have been without merit. The record reveals that Wright entered his plea voluntarily, knowingly, and intelligently, as he was specifically informed of each of the rights that he was waiving by pleading guilty, including his right to remain silent; his right to a trial by jury; and his right to confront his accusers; and he indicated under oath that he understood each of the rights that he was waiving. See, e.g., Campos v. State, 292 Ga. 83 (734 SE2d 359) (2012). The court even went on to establish the factual basis of the plea, verified with Wright that he had ample opportunity to consult with his attorney before entering the plea, and confirmed that he had not been placed under any duress or forced to

enter the plea. Id. Wright's argument that he entered the plea involuntarily is without merit.

2. To the extent that Wright argues that his guilty plea resulted from ineffective assistance of counsel, this claim is also without merit.

> [A] defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Citations and punctuation omitted.) Harden v. Johnson, 280 Ga. 464 (629 SE2d 259) (2006).

The record does not support Wright's contention that his counsel failed to provide him with the necessary information for him to make an informed decision about entering a guilty plea instead of going to trial. To the contrary, as shown in Division 1, supra, Wright was fully informed about the details and consequences of his plea, and he fully consulted with his attorney before making the informed decision to accept the plea rather than go to trial. There is no evidence of record to show any error by trial counsel or that any alleged error would have resulted in Wright deciding to go to trial rather than accept a guilty plea. See, e.g., Trauth v. State, 283 Ga. 141 (2) (657 SE2d 225) (2008).

Judgment affirmed. All the Justices concur.