In the Supreme Court of Georgia

Decided:   September 22, 2014

S14A0921.  COULTER v. THE STATE.

HINES, Presiding Justice.

Prisoner Dustin James Coulter files this pro se appeal from the denial of his motion for an out-of-time appeal following the entry of his guilty pleas to two counts of malice murder. For the reasons which follow, we affirm.

On May 2, 2006, a Bulloch County grand jury indicted Coulter, his wife Alexandra Coulter, and their friend Jerry Easters, for two counts each of malice murder, armed robbery, and possession of a knife during the commission of murder in connection with the November 21, 2005 armed robberies and fatal stabbings of Jack Walton Futch and his wife, Paula Franklin Futch.  The State gave notice of its intent to seek the death penalty for Coulter on May 26, 2006, and the prosecution proceeded under the Unified Appeal Procedure. The application for interim review was denied by this Court on February 12, 2008. Following the empaneling of a jury to try Coulter, on November 7, 2008,

Coulter, pursuant to a negotiated agreement, pled guilty to two counts of malice murder and received concurrent life sentences; the remaining counts were nol prossed. More than three years later, on February 2, 2012, Coulter filed, inter alia, a pro se motion to withdraw his guilty pleas. The trial court dismissed the motion for lack of jurisdiction on February 10, 2012, as the motion was filed outside the term of court in which the guilty pleas were entered.

Again proceeding pro se, on December 9, 2013, Coulter filed the present motion for an out-of-time appeal, claiming that he was denied a direct appeal due to the ineffective assistance of his counsel and inadequate advice about his appellate rights. As to the issues that Coulter would raise in a granted direct appeal, he alleged that he was denied the effective assistance of counsel because of counsel's failure to advise him of his "right to appeal," and that his guilty pleas were not intelligently and knowingly, and therefore voluntarily, entered as the record is silent regarding venue of the charged crimes, and because the superior court did not advise him of all of the *Boykin*[1] rights. The superior court denied the motion on December 13, 2013, after finding that Coulter failed to

---

[1] *Boykin v. Alabama,* 395 U.S. 238 (89 SCt 1709, 23 LE2d 274) (1969).

meet the requirements for granting an out-of-time appeal.[2]

1. The purpose of an out-of-time appeal is to address constitutional concerns that arise when a criminal defendant is denied a first appeal of right because the counsel to whom he was entitled to have assist him in that appeal was professionally deficient in failing to advise him to file a timely appeal, and that this deficiency caused him prejudice; therefore, an out-of-time appeal is appropriate when a direct appeal was not taken due to the ineffective assistance of counsel. *Stephens v. State*, 291 Ga. 837, 838 (1) (733 SE2d 266) (2012). However, that is not the end of the analysis because in order to have an out-of-time appeal on the basis of ineffective assistance of counsel, the defendant must have had the right to file a direct appeal, and a direct appeal from a judgment of conviction and sentence entered following a guilty plea is available to the defendant only if the issue on appeal is capable of resolution by reference to facts on the record. Id. Consequently, a determinative factor in the availability of an out-of-time appeal when the defendant has pled guilty is

[2]Coulter filed a pro se notice of appeal to the Court of Appeals, and the case was transferred to this Court. The appeal was docketed in this Court's 2014 April Term, and was submitted for decision on the briefs.

whether the appeal can be decided based upon the existing record; any question of the effectiveness of counsel is not reached unless it can be resolved by reference to facts on the record. Id.

Thus, the first inquiry is whether the issues that Coulter seeks to appeal can be resolved on the existing record because, if not, he would have had no right to file even a timely appeal, and therefore, would not be entitled to an out-of-time appeal. Id.  If, indeed, his claims require expansion of the record, he would have to pursue them by way of a petition for writ of habeas corpus. Id. But, if in his motion for an out-of-time appeal, Coulter has raised an issue that can be determined on the existing record, concerns regarding the effectiveness of his counsel are reached, and he must show that his counsel was ineffective in not filing a timely appeal under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984).  Such test places the burden on a defendant to show both that his trial counsel provided deficient performance, and that but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different, which in the present context means that an appeal would have been successful. *Stephens v.*

4

*State*, supra at 838-839 (1). This Court need not address both parts of the *Strickland* test if the defendant makes an insufficient showing on one; in fact, the Court need not determine whether counsel's performance was deficient before examining any prejudice suffered by the defendant as a result of the alleged deficiencies. *Stephens v. State*, supra at 839 (1). Consequently, if the claims that the defendant seeks to raise in an out-of-time appeal can be resolved against him on the face of the record, so that even a timely appeal would not have been successful, then the failure of plea counsel to advise the defendant to file such an appeal cannot be found professionally deficient, nor can any prejudice result. Id. Thus, in such circumstances, the trial court may deny the defendant's motion for an out-of-time appeal without an evidentiary hearing. Id. This is precisely such a case.

2. In this appeal, Coulter enumerates the same claimed errors that he raised in the superior court in support of his motion for an out-of-time appeal. And, it is apparent that such claims can be resolved, albeit adversely to Coulter, on the present record.

(a) Coulter first contends that his pleas were not "intelligent, knowing, and

voluntary" because venue of the crimes had to be proven and the record is silent on venue. However, the indictment returned by the Bulloch County grand jury to which Coulter pled guilty alleged that the malice murders occurred "in the county aforesaid," which was Bulloch County. Furthermore, although the State would have had to prove the facts establishing venue at any trial, when Coulter pled guilty to all the allegations in the malice murder counts of the indictment, he was admitting to all of the elements of the crime of malice murder, and he waived the defense of failure to establish venue. *Wright v. Hall*, 281 Ga. 318, 319 (1) (638 SE2d 270) (2006).

(b) Coulter further contends that the plea court failed to advise him of all of his *Boykin* rights, specifically the right to confront witnesses against him, the right to compulsory process, and the privilege against self-incrimination at trial. But, the record reflects otherwise. During the plea hearing, Coulter affirmed that his two defense attorneys had advised him of all of his rights as set forth in his sworn statement. Then the plea court sufficiently went over the *Boykin* rights with Coulter during the plea hearing, and prior to the acceptance of his

6

guilty pleas.[3]  See *Burns v. State*, 291 Ga. 547, 548 (1) (a) (731 SE2d 681) (2012) (*Boykin* does not require "magic words" to convey the defendant's rights during a guilty plea proceeding).

 (c)  Finally, Coulter maintains that his plea counsel was deficient for not advising him of his "right" to pursue a direct appeal, as evidenced by the silence of the record in this regard, and that he was prejudiced thereby because a timely direct appeal would have shown the State's failure to prove venue and the plea court's failure to properly advise him of his *Boykin* rights. But, as has already been discussed, there is no merit to Coulter's claims regarding venue and the *Boykin* rights, therefore, a timely appeal making such

---

[3]The transcript of the plea hearing reflects that Coulter answered affirmatively to each of these inquiries by the plea court:

"[Y]ou understand you would have an absolute entitlement to a jury trial. We've already selected a jury all day yesterday.  If you elected to have a jury trial, then you would be presumed innocent of the charges and the State would have a burden of overcoming that presumption of innocence by proof beyond a reasonable doubt that you are guilty of the charges.  Do you understand that? . . . You understand that if you elected to go through with your jury trial you would be able to cross-examine or ask questions of the witnesses that the State might bring? . . . You would be able to compel witnesses by subpoena to come in and testify for you. . . . You could take the stand and testify if you wanted to, but you could not be compelled to because this is a criminal case. You don't have to put up any evidence at all. You could sit there mute, if you wanted to.  You understand that? . . . You're giving up those rights by offering these pleas of guilty to counts one and two, which are the two [m]urder counts."

7

claims would not have been successful. Consequently, any failure by Coulter's counsel to advise him to file such an appeal cannot be found to be a deficiency in counsel's representation or a cause of any prejudice to Coulter. See Division 1, supra.

It was not error to refuse to grant Coulter an out-of-time appeal.

Judgment affirmed. All the Justices concur.