**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 2, 2015**

# In the Court of Appeals of Georgia

A15A1551. WILLIAMS v. THE STATE

McFADDEN, Judge.

Brett Williams appeals from the state court's denial of his post-sentencing motion to withdraw his guilty plea for simple battery and criminal trespass. He argues that the record does not affirmatively show that he entered the plea knowingly and voluntarily and that the state failed to provide the trial court with sufficient facts on which to accept the guilty plea, but the contrary evidence was sufficient to authorize the trial court to reject those arguments. Finding that the trial court did not abuse her discretion in denying the motion to withdraw the plea, we affirm.

For a guilty plea to be valid, the record must show that

the defendant understands the plea and the constitutional rights that he is relinquishing. The [s]tate has the burden on direct review of

establishing that the plea was entered intelligently and voluntarily. The [s]tate may meet this burden by showing on the record of the guilty plea hearing that the defendant was

cognizant of all of the rights he was waiving and the possible consequences of his plea, or by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary. After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion and withdrawal of the plea is allowed only when necessary to correct a manifest injustice. *DeToma v. State*, 296 Ga. 90, 91 (1) (765 SE2d 596) (2014) (citations and punctuation omitted).

Contrary to Williams's assertions, the record contains evidence that affirmatively shows that he made his plea knowingly and voluntarily. It contains a copy of the guilty plea form, signed by Williams, in which Williams agreed that he understood the rights he was giving up in pleading guilty and that he understood the sentence the state was recommending. The trial judge and Williams's trial counsel also signed the plea form. While a plea form alone is not sufficient to establish the voluntariness of a guilty plea, a plea form is evidence that can be used by the trial court in determining whether a plea was voluntary. See *Pike v. State*, 245 Ga. App. 518, 521 (1) & n.4 (538 SE2d 172) (2000). In addition, at the hearing on Williams's

motion to withdraw his plea, trial counsel testified that she had advised Williams of the charges against him, had communicated the plea offer to him, had explained his right to choose whether to be tried by the court or by a jury, and had clarified what rights he was giving up in pleading guilty, including reviewing with him the rights listed on the plea form.

Williams argues that his trial counsel's testimony was insufficient to show that he entered the plea knowingly and voluntarily because trial counsel testified based on her general practice rather than a specific recollection of her interactions with Williams. We do not find this argument persuasive. "Where, as here, the defendant has legal representation, a presumption arises that defense counsel routinely explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Wharton v. Anderson*, 270 Ga. 22, 23 (1) (504 SE2d 670) (1998). The testimony of trial counsel concerned her standard practice and procedure when interacting with clients and as the trial court correctly noted, evidence of this kind can be used in establishing compliance with constitutional standards. See *Barker v. Barrow*, 290 Ga. 711, 714 (9) (723 SE2d 905) (2012); *Bazemore v. State,* 273 Ga. 160, 162 (1) (535 SE2d 760) (2000).

Citing the Uniform Superior Court Rules, Williams also argues that, because the record does not contain a verbatim transcript, it does not sufficiently show that the trial court determined that there was a factual basis for the plea. It is true that Uniform Superior Court Rule 33.11 requires "[a] verbatim transcript of the proceedings at which a defendant enters a plea of guilty or nolo contendere."But this case came before a state court. In state court a verbatim transcript of a plea hearing is required only when the plea results in additional incarceration. See *King v. State*, 270 Ga. 367 (509 SE2d 32) (1998). The required contents of the record of a state court plea hearing are set out in Uniform State Court Rule 33.11:

> [a] record of the proceedings at which a defendant enters a plea of guilty or nolo contendere shall be made and preserved. The record should include: (A) the inquiry into the voluntariness of the plea (as required in section 33.7); (B) the advice to the defendant (as required in section 33.8); [and] (C) the inquiry into the accuracy of the plea (as required in section 33.9)[.]

The requirements of Uniform State Court Rule 33.11 may be satisfied by a combination of documentary or extrinsic sources, as long as they "provide reviewing courts with a record of the plea proceedings to determine if challenged pleas have

4

been entered voluntarily and with proper understanding." *King,* 270 Ga. at 370 (1) (citation omitted).

Even if we assume, as Williams argues, that the state failed to provide the trial court with sufficient facts on which to accept his guilty plea, this does not automatically require reversal. In order to successfully attack a guilty plea after sentencing, Williams must show that the trial court's acceptance of his guilty plea caused him to suffer a manifest injustice. *Ramsey v. State*, 267 Ga. App. 452 (600 SE2d 399) (2004); *State v. Evans* 256 Ga. 332, 336 (3) (454 SE2d 468) (1995). He has not done so. "[Williams] has argued only that the record contains an insufficient factual basis to support his plea, and, although he states that a manifest injustice occurred, he makes no contentions whatsoever supporting this statement." *Ramsey*, 267 Ga. App. at 453. The record does not support a finding that Williams suffered a manifest injustice.

The evidence of the plea form combined with trial counsel's testimony authorized the trial court to find that the state had met its burden of showing the plea to be knowing and voluntary. See *Tomlin v. State*, 295 Ga. App. 369, 371-372 (2) (671 SE 2d 865) (2008). As Williams has not shown a manifest injustice, we affirm the trial court's order denying Alexander's motion to withdraw his guilty plea.

5

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*