In the Supreme Court of Georgia

Decided:   January 19, 2016

S15A1409. ROBERTS v. THE STATE.

BLACKWELL, Justice.

In August 2008, Kelly Roberts entered a plea of guilty to felony murder — after a Richmond County jury was struck to try him — in connection with the fatal shooting of Ian Mosley. The trial court entered a judgment of conviction and sentenced Roberts to imprisonment for life with the possibility of parole, which was the sentence provided in the plea agreement. Roberts now appeals, claiming that there was an insufficient factual basis for his guilty plea and that his plea was not intelligently made. We see no error and affirm.[1]

---

[1] Mosley was killed on or about July 24, 2006. Roberts and co-defendants Demeric Twitty and Edward Reeves were indicted on October 31, 2006, and they were reindicted on November 13, 2007. Each defendant was charged with malice murder, felony murder, and the unlawful possession of a firearm during the commission of a crime. In addition, Reeves was charged with the unlawful possession of a firearm by a convicted felon, and Twitty was charged with the unlawful use of a firearm by a convicted felon during the commission of a crime. The case against Twitty was severed from the prosecution of Roberts and Reeves, and Twitty was tried alone. A jury found Twitty guilty on all counts, but he appealed his convictions, and we recently reversed, finding that the State failed to prove venue at his trial. Twitty v. State, ___ Ga. ___ (Case No. S15A0906, decided November 2, 2015). Roberts's trial began on August 18, 2008, and Roberts entered a guilty plea to felony murder the next day. The charges of malice murder and the unlawful possession of a firearm during the commission of a crime were dismissed by nolle prosequi, and Roberts was sentenced to

1. Roberts first appears to claim that his guilty plea was not supported by a sufficient factual basis. The record shows, however, that the prosecutor — joined by Roberts's trial lawyer — recited facts at the plea hearing that were sufficient to support Roberts's conviction for felony murder, either as a direct participant or as a party to the crime.[2] See Freeman v. State, 297 Ga. 146, 150 (3) (771 SE2d 889) (2015). The trial court's acceptance of Roberts's plea establishes that it was satisfied with the recitation presented at the plea hearing, and we see no error in that finding. See Adams v. State, 285 Ga. 744, 747 (3) (a) (683 SE2d 586) (2009).

2. Roberts also claims that his plea was not intelligently made, and this claim seems to be based on his belief that the State secretly offered a favorable

---

imprisonment for life for felony murder. Roberts timely filed a notice of appeal to the Court of Appeals on September 11, 2008, but the record was not transmitted to that court until January 9, 2015. The Court of Appeals transferred the case to this Court on March 19, 2015, where it was docketed for the September 2015 term and submitted for decision on the briefs.

[2] Those facts were that, on July 24, 2006, Roberts and Demeric Twitty kidnapped Mosley near Gaffney, South Carolina. Late that evening, they drove Mosley — who was bound in the trunk of his car — to Georgia and picked up Edward Reeves, who is Roberts's cousin. The men drove Mosley to the Lock and Dam Park in Augusta, backed Mosley's car down a boat ramp, and took Mosley to the edge of the Savannah River, where Twitty shot him in the head. The men dumped Mosley's body in the river, where it was discovered on July 25 by a fisherman. Several days later, Roberts was captured in Edgefield, South Carolina, after using Mosley's cell phone and a credit card that had been in Mosley's wallet. Roberts also had a shotgun that he had just acquired in exchange for the murder weapon.

plea deal to Edward Reeves if he would agree to testify for the State. But Roberts has failed to establish that any such agreement with Reeves existed or, even if it did exist, that he would not have entered his guilty plea had he known about it.[3] And while Roberts would have been entitled to the details of any such agreement under Brady v. Maryland, 373 U. S. 83 (83 SCt 1194, 10 LE2d 215) (1963), if Reeves had, in fact, testified against him at a trial, Roberts pled guilty before any such testimony could have been presented. Even assuming a Brady violation can occur without a trial, Roberts has not shown that the State was suppressing evidence of any deal with Reeves at the time Roberts pled guilty. See Franks v. State, 278 Ga. 246, 265 (4) (599 SE2d 134) (2004) (no Brady violation where defendant fails to show that State suppressed favorable evidence).

To the extent that Roberts is claiming that his plea was not intelligently made for some other reason, the transcript of the plea hearing shows that the trial court discussed the legal consequences of the plea with Roberts and

---

[3] It seems unlikely that the State had finalized any plea agreement with Reeves given that Roberts's plea agreement was based in part on his agreement to testify at Reeves's trial and that the State agreed to write a favorable letter to the parole board on behalf of Roberts after he testified truthfully at Reeves's trial.

explained all of the constitutional and statutory rights that Roberts was forgoing by pleading guilty. See <u>Boykin v. Alabama</u>, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969). Roberts indicated both orally and in writing at the time of the plea that he understood the consequences of the plea, including that he would be sentenced to imprisonment for life. Roberts was not entitled to the same favorable plea agreement that he maintains Reeves was offered or even to have the trial court accept his guilty plea at all. See <u>Sanders v. State</u>, 280 Ga. 780, 783 (2) (631 SE2d 344) (2006). As a result, the trial court did not err when it concluded that Roberts's guilty plea was intelligently made.

<u>Judgment affirmed. All the Justices concur.</u>