In the Supreme Court of Georgia

Decided: July 8, 2016

S16A0450.   BROOKS v. THE STATE.

HINES, Presiding Justice.

Anthony Brooks appeals from the denial of his motions for an out-of-time appeal, and for an evidentiary hearing.   For the reasons that follow, we affirm.

In 1991, Anthony Brooks was charged with felony murder and attempted armed robbery.  At a plea hearing on January 17, 1992, Brooks, represented by two attorneys, pled guilty to both charges.  Brooks was sentenced to life in prison for felony murder and a concurrent probated sentence of ten years for attempted armed robbery.  On January 20, 2015, Brooks filed a motion for an out-of-time appeal from his guilty pleas and also moved for an evidentiary hearing thereon.  The trial court denied both motions.

As this Court has previously stated,

[t]he purpose of an out-of-time appeal is to address constitutional concerns that arise when a criminal defendant is denied a first appeal of right because the counsel to whom he was entitled to have assist him in that appeal was professionally deficient in failing to advise him to file a timely appeal, and that this deficiency caused him prejudice; therefore, an out-of-time appeal is appropriate when a direct appeal was not taken due to the ineffective assistance of

counsel. *Stephens v. State*, 291 Ga. 837, 838 (1) (733 SE2d 266) (2012). However, that is not the end of the analysis because in order to have an out-of-time appeal on the basis of ineffective assistance of counsel, the defendant must have had the right to file a direct appeal, and a direct appeal from a judgment of conviction and sentence entered following a guilty plea is available to the defendant only if the issue on appeal is capable of resolution by reference to facts on the record. Id. Consequently, a determinative factor in the availability of an out-of-time appeal when the defendant has pled guilty is whether the appeal can be decided based upon the existing record; any question of the effectiveness of counsel is not reached unless it can be resolved by reference to facts on the record. Id.

*Coulter v. State*, 295 Ga. 699, 700 (1) (763 SE2d 713) (2014).

Accordingly, the preliminary question raised by Brooks's appeal is

whether the issues that [he] seeks to appeal can be resolved on the existing record because, if not, he would have had no right to file even a timely appeal, and therefore, would not be entitled to an out-of-time appeal. Id. If, indeed, his claims require expansion of the record, he would have to pursue them by way of a petition for writ of habeas corpus. Id. But, if in his motion for an out-of-time appeal, [Brooks] has raised an issue that can be determined on the existing record, concerns regarding the effectiveness of his counsel are reached, and he must show that his counsel was ineffective in not filing a timely appeal under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984). Such test places the burden on a defendant to show both that his trial counsel provided deficient performance, and that but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different, which in the present context means that an appeal would have been successful. *Stephens v. State*, supra at 838-839 (1). This Court need not address both parts of the *Strickland* test if the defendant makes an insufficient showing on

2

one; in fact, the Court need not determine whether counsel's performance was deficient before examining any prejudice suffered by the defendant as a result of the alleged deficiencies. *Stephens v. State*, supra at 839 (1). Consequently, if the claims that the defendant seeks to raise in an out-of-time appeal can be resolved against him on the face of the record, so that even a timely appeal would not have been successful, then the failure of plea counsel to advise the defendant to file such an appeal cannot be found professionally deficient, nor can any prejudice result. Id. Thus, in such circumstances, the trial court may deny the defendant's motion for an out-of-time appeal without an evidentiary hearing. Id.

Id. at 700-701 (1).

1. Brooks contends that his guilty plea to the crime of felony murder while in the commission of aggravated assault was not knowingly and voluntarily entered because the indictment was defective in that it did not specify that he intended to commit aggravated assault, or specify how the aggravated assault was committed. However, the indictment was not fatally flawed; it alleged that Brooks committed felony murder in that he did, "while in the commission of a felony, to-wit: aggravated assault, cause the death of a human being, to wit: Albert Lee Stovall." Thus, the

indictment charged appellant with felony murder-having caused the death of the victim while committing the felony of aggravated assault. See OCGA § 16-5-1(c). Aggravated assault is a felony. OCGA § 16-5-21. The indictment is sufficient to withstand a general demurrer because appellant cannot admit he caused the death of the victim while in the commission of aggravated assault

3

and not be guilty of the crime.

*Stinson v. State*, 279 Ga. 177, 179 (2) (611 SE2d 52) (2005).  As to Brooks's

contention that

> the felony murder indictment was deficient because it did not
> contain all the essential elements of the underlying crime of
> aggravated assault[, this] is, in essence, a special demurrer seeking
> greater specificity with regard to the predicate felony. We agree
> with the State that appellant's failure to file his special demurrer
> seeking additional information before pleading [. . .] guilty to the
> indictment constitutes a waiver of his right to be tried on a perfect
> indictment. [Cits.]

Id. at 180.  (Footnote omitted.)[1]

2.  Additionally, Brooks contends that he received ineffective

assistance from his plea counsel in that counsel failed to inform him that he had

a right to appeal from a guilty plea on a defective indictment.  However, as

noted in Division 1, supra, the indictment did not fail to allege a crime.  Thus,

this contention of ineffective assistance of plea counsel can be resolved

adversely to Brooks by examining the existing record, and the trial court did not

---

[1] To the extent that Brooks's claim is that his guilty plea was not supported by a sufficient factual basis, the transcript of the plea hearing shows that the facts recited by the prosecutor were sufficient to support Brooks's convictions for both attempted armed robbery and felony murder while in the commission of aggravated assault. See *Roberts v. State*, 298 Ga. 331, 331-332 (1) (782 SE2d 1) (2016).

4

err in denying his motion for an out-of-time appeal on this ground. *Marion v. State*, 287 Ga. 134, 135 (2) (695 SE2d 199) (2010).

3.  Brooks also contends that his pleas were not freely and knowingly made in that he was not fully advised of his rights under *Boykin v. Alabama*, 395 U.S. 238 (89 SCt 1709, 23 LE2d 274) (1969), in particular the right not to incriminate himself and the right to confront his accusers. These claims can also be decided upon the record, which belies Brooks's contentions. At his 1992 plea hearing, Brooks testified that his attorneys had reviewed the plea form with him, explained the questions that appeared on it to him, that he did, in fact, sign the plea form indicating that he understood his rights, and that he initialed the form as to each right enumerated thereon.

The plea form shows not only Brooks's signature at the end of the form affirming that he read and understood the rights enumerated on the form, and waived those rights, but also that he initialed the blank marked for a "yes" response as to each of the following specific questions: "Do you understand that you don't have to say, sign, or do anything that will tend to show you are guilty of the offense charged unless you want to?"; "Do you understand that you have the right to make the State bring in witnesses to testify against you under oath

at a trial, and that you and your lawyer have the right to question and cross-examine them under oath?"; and, "Do you understand that the court can make the witnesses you want come into court and testify for you in your defense?" The form also bears the certifications of Brooks's plea counsel that they reviewed the questions on the form with Brooks, and that counsel had assured themselves that Brooks understood the rights he was waiving. The questions on the form adequately advised Brooks regarding his privilege against self-incrimination and the right to confrontation that he was waiving. See *Mims v. State*, ___ Ga. ___, ___ (n. 5 & 6) (___ SE2d ___) (2016) (Case No. S16A0542, decided June 6, 2016); *Coulter v. State*, 295 Ga. 699, 702 (n. 3) (763 SE2d 713) (2014); *Brown v. State*, 290 Ga. 50, 52 (2) (718 SE2d 1) (2011). Accordingly, the record reveals that there is no merit to Brooks's claims that he was not fully advised of the *Boykin* rights he was waiving.

Thus, it was not error to deny Brooks's motion for an out-of time appeal, and to do so without conducting an evidentiary hearing. *Coulter*, supra at 700-701 (1).

Judgment affirmed. All the Justices concur.

6