301 Ga. 469
FINAL COPY

S17A0310. WAYE v. THE STATE.

GRANT, Justice.

Appellant Joe Lee Waye appeals the denial of his amended motion for out-of-time appeal from his conviction and sentence on his plea of guilty to malice murder. We find no error and affirm.

In 1996, Waye entered a negotiated plea under which he pled guilty to one count of malice murder and was sentenced to life imprisonment for the 1991 murder of victim Tim Worley. In exchange for Waye's guilty plea, the State agreed to the dismissal of additional charges related to the murder—as well as separate pending drug charges—and agreed not to seek the death penalty. Twenty years later, Waye filed a pro se motion to correct his sentence. That motion was denied, and Waye did not initiate a timely appeal. Instead, Waye filed a pro se motion seeking leave to file an out-of-time direct appeal of his conviction, contending that his guilty plea was invalid. Subsequently, Waye amended his motion for out-of-time appeal, so that he could also seek leave to

appeal the trial court's denial of his motion to correct sentence. The trial court denied both motions, and Waye now appeals.

In order to receive an out-of-time appeal from a judgment entered on a guilty plea, an appellant must show (1) that the claims he seeks to raise on appeal can be resolved on the existing record; and (2) that the failure to pursue a timely appeal was due to the ineffective assistance of his plea counsel. *Brooks v. State*, 299 Ga. 474, 474-475 (788 SE2d 766) (2016). But if the claims the appellant seeks to raise can be resolved against him on the face of the record, so that even a timely appeal would not have been successful, then plea counsel cannot be said to have rendered ineffective assistance in failing to advise the appellant or otherwise assist him in pursuing an appeal. Id.; *Moore v. State*, 285 Ga. 855, 855 (1) (684 SE2d 605) (2009). Accordingly, in reviewing Waye's claims, we first assess whether they may be resolved on the record before us. For those that cannot, no relief is available; for those that can be resolved on the record but only against Waye, relief is also unavailable; and for any claims that remain, we must proceed to consider whether plea counsel rendered ineffective assistance in failing to pursue such claims. *Brooks*, 299 Ga. at 474-475.

I.

Waye first raises various claims challenging the validity of his plea. Specifically, he contends that the State failed to establish a sufficient factual basis for entry of the plea; that he was denied his constitutional right of confrontation; that the trial court failed to advise him regarding his privilege against self-incrimination; and that his plea was otherwise unknowingly and unintelligently entered. These claims can be resolved by reference to the transcript from Waye's 1996 plea hearing. But they also lack merit, and thus cannot provide a basis for an out-of-time appeal. See *Brooks*, 299 Ga. at 474-475; *Adams v. State*, 285 Ga. 744, 744 (1) (683 SE2d 586) (2009) ("the denial of a request for out-of-time appeal is proper if an examination of the record reveals no merit to the claimed errors").

Regarding the factual basis for Waye's plea, at the plea hearing the prosecutor summarized the evidence as follows: Police received information from an acquaintance of Waye that Waye claimed to have stabbed a man in a motel room in Kingsland, Georgia. Police went to the motel, where in one of the rooms they found the deceased victim on the floor with more than 20 stab

wounds, mostly to the back. Waye's girlfriend subsequently told investigators that Waye told her he had stabbed a man in a motel room. When questioned, Waye admitted to police that he had stabbed the victim and taken his wallet. Waye also described the location of the knife used in the attack, which police then recovered. Based on information from one of the witnesses, police also recovered the victim's wallet. In addition to this summary offered by the prosecutor, the trial judge noted for the record her familiarity with the evidence in the case, based on prior hearings and an in camera review. In sum, the record reflects an ample factual basis to support Waye's guilty plea. See, e.g., *Roberts v. State*, 298 Ga. 331, 331 (1) (782 SE2d 1) (2016) (affirming trial court's acceptance of plea based on recitation of facts by prosecutor and defense counsel); *Adams*, 285 Ga. at 747 (factual basis sufficient where prosecutor recited facts and trial court otherwise familiar with evidence in the case). Contrary to Waye's contention, the prosecutor's presentation and the court's colloquy with Waye at the plea hearing were clearly sufficient to satisfy the court's obligations under Uniform Superior Court Rule 33.9.[1]

---

[1] USCR 33.9 provides that "judgment should not be entered upon [a guilty] plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea."

The plea hearing transcript also reflects that prior to the trial court's acceptance of Waye's guilty plea Waye was informed of the rights he was relinquishing by pleading guilty—including his right to a jury trial, his right to confront and cross-examine his accusers, and his privilege against self-incrimination. See *Boykin v. Alabama*, 395 U. S. 238, 242 (89 SCt 1709, 23 LE2d 274) (1969). Specifically, the prosecutor confirmed on the record that Waye had signed a guilty plea form and further noted:

> You also understand that you have a right to have a jury trial on this case and at that jury trial, you can be represented by your attorneys, Mr. Ossick and Ms. Godbey; at that trial, you would have the right to subpoena witnesses — that is, force them to come in and testify for you. You would also have a right to cross-examine any witnesses that testified against you and confront those witnesses in court. You would not have to testify yourself or present any evidence and that would not be held against you and couldn't be used against you in court.

The prosecutor then asked Waye whether he understood that he had these rights and that, by entering a guilty plea, he would be giving up these rights, and Waye responded in the affirmative to both questions. Waye also affirmed that he was not under the influence of any alcohol or drugs, that he was satisfied with the advice of his counsel, that he had not been induced to plead guilty by any

5

promises or threats, and that he was entering his plea freely and voluntarily. Upon inquiry by the trial judge, Waye's counsel stated that they had explained the guilty plea and its consequences and believed that Waye understood its effect. The record thus establishes that Waye was in fact adequately informed of his right to confrontation and his privilege against self-incrimination, and that he entered his guilty plea knowingly and voluntarily. His motion for out-of-time appeal on these grounds is therefore also without merit. See, e.g., *Freeman v. State*, 297 Ga. 146, 153 (8) (771 SE2d 889) (2015); *Adams*, 285 Ga. at 746.

## II.

Waye next contends that his trial counsel rendered ineffective assistance by failing to seek suppression of Waye's statement to police and by failing to advise Waye regarding various purported grounds for appeal. But because these claims cannot be resolved on the face of the record before us, they cannot provide a basis for an out-of-time appeal. See *Gibson v. State*, 290 Ga. 516, 516 (2) (b) (722 SE2d 741) (2012) (because ineffectiveness claim could not be resolved on the existing record, that claim could not afford a basis for out-of-time appeal); *Moore*, 285 Ga. at 858 (same). We therefore reject them.

6

## III.

Finally, Waye attempts to resurrect the claim that he raised in his motion to correct his sentence, namely, that the trial court erred in failing to run his life sentence concurrent with, rather than consecutive to, the sentence he was serving at the time he entered his plea. However, our Code expressly permits the imposition of a consecutive sentence on a subsequent conviction. OCGA § 17-10-10 (b). Accordingly, this claim too must fail.

Judgment affirmed. All the Justices concur.

Decided June 19, 2017.

Murder. Camden Superior Court. Before Judge Harrison.

Joe Lee Waye, pro se.

Jacquelyn L. Johnson, District Attorney, Andrew J. Ekonomou, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Scott O. Teague, Assistant Attorney General, for appellee.

7