**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 8, 2017**

# In the Court of Appeals of Georgia

A17A1280. BARKER v. THE STATE.

BARNES, Presiding Judge.

James Barker appeals pro se from the denial of his motion for an out-of-time appeal. He contends that the arrest warrant and affidavit were insufficient to establish probable cause, that the indictment was fatally defective, that he was unaware of his *Boykin* right against self-incrimination, and that plea counsel was ineffective. Following our review, we affirm.

After being indicted on charges for aggravated child molestation, Barker entered a negotiated guilty plea to child molestation on August 14, 2014. He was sentenced to twenty years to serve five. On January 31, 2017, Barker filed a motion for an out-of-time appeal in which he asserted, among other things, that his arrest warrant and indictment were invalid, that plea counsel was ineffective, and that his sentence was vague and ambiguous. The trial court denied Barker's motion, and it is from that order that he appeals.

In order to receive an out-of-time appeal from a judgment entered on a guilty plea, [Barker] must show (1) that the claims he seeks to raise on appeal can be resolved on the existing record; and (2) that the failure to pursue a timely appeal was due to the ineffective assistance of his plea counsel. But if the claims [Barker] seeks to raise can be resolved against him on the face of the record, so that even a timely appeal would not have been successful, then plea counsel cannot be said to have rendered ineffective assistance in failing to advise the appellant or otherwise assist him in pursuing an appeal. Accordingly, in reviewing [Barker's] claims, we first assess whether they may be resolved on the record before us. For those that cannot, no relief is available; for those that can be resolved on the record but only against [Barker], relief is also unavailable; and for any claims that remain, we must proceed to consider whether plea counsel rendered ineffective assistance in failing to pursue such claims.

(Citations and punctuation omitted.) *Waye v. State*, S17A0310, 2017 Ga. LEXIS 530, at *1-2 (June 19, 2017). "The denial of a motion for out-of-time appeal is a matter within the discretion of the trial court," and the "decision to deny such a motion will not be overturned absent an abuse of discretion."(Citation omitted.) *Brown v. State*, 290 Ga. 321, 321 (1) (720 SE2d 617) (2012).

1. Barker first contends that the arrest warrant and attached affidavits were insufficient to establish probable cause because certain information was omitted, including the source of the officer's information.

> [A] plea of guilty generally waives all defenses except that based on the knowing and voluntary nature of the plea, [and] [a]n exception will only be made if the error goes to the very power of the State to bring the defendant into court. No such situation is presented here. It follows that [Barker] was not entitled to challenge the validity of the arrest warrant by way of an out-of-time appeal.

(Citations and punctuation omitted.) *Moore v. State*, 285 Ga. 855, 858 (2) (684 SE2d 605) (2009).

2. Barker next contends that his indictment was fatally defective in that it alleged that the crime occurred between May 1, 2013 and August 30, 2013, and thus failed to track the language of OCGA § 17-7-54, which provides, in pertinent part, that an indictment must state with "sufficient certainty" the date of the alleged offense.[1] However, if the State can show that the evidence does not permit it to allege

---

[1] The indictment charged Barker with "the offense of AGGRAVATED CHILD MOLESTATION for that said accused in the County of Tift, between the 1st day of May, 2013, and the 30th day of August, 2013, the exact date of the offense being unknown to the Grand Jury."

3

a specific date on which the offense occurred, the State is permitted to allege that the crime occurred between two particular dates. *O'Rourke v. State*, 327 Ga. App. 628, 631-632 (2) (760 SE2d 636) (2014).

> The true test of the sufficiency of the indictment is . . . whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Citations and punctuation omitted.) *Jordan v. State*, 220 Ga. App. 627, 629 (2) (470 SE2d 242) (1996).

We first note that Barker did not challenge the indictment, and "[g]iven that [Barker] pled guilty to the crime charged, his only possible challenge to the indictment would be the sufficiency thereof." *Golden v. State*, 299 Ga. App. 407, 411 (3) (683 SE2d 618) (2009).

In the order denying his motion for an out-of-time appeal, the trial court found that "[s]ubstantive defects did not exist in the indictment," and at the plea hearing the State presented as a factual basis for the charges that the time period at which the acts occurred was during the time that Barker lived with the family of the victim, which

put Barker on notice with "sufficient certainty" of the date of the offense. See OCGA § 17-7-54 (a). Accordingly, Barker's claim that the indictment was invalid is without merit, and the trial court did not err in so finding and denying his motion for an out-of-time appeal on that basis.

Moreover, to the extent that Barker argues that he was not present in the county during that time period, a motion for an out-of-time is not appropriate for developing claims of error that cannot be resolved by facts appearing in the record. See *Golden v. State*, supra, 299 Ga. App. at 411 (3).

3. In his third and fourth enumerations, Barker contends that he was not advised of his *Boykin* right against self incrimination at the plea hearing, and that plea counsel was ineffective for failing to inform him of that right. *Boykin v. Alabama*, 395 U.S. 238 (89 SCt 1709, 23 LE2d 274) (1969), held that when a defendant pleads guilty, he must be adequately advised of his rights (1) against self-incrimination, (2) to trial by jury, and (3) to confront his accusers. Id. at 395 U.S. at 243.

The State bears the burden of showing that the plea was entered into knowingly and voluntarily. *Phelps v. State*, 293 Ga. 873, 875-876 (2) (750 SE2d 340) (2013). "The State may meet this burden by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible

consequences of his plea, or by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Citation and punctuation omitted.) Id. Thus, we consider the record as a whole to determine if the defendant voluntarily entered his plea. *Cooper v. State*, 281 Ga. 63, 65 (2) (636 SE2d 493) (2006).

Contrary to Barker's contention, the record shows that, at the plea hearing, and upon ascertaining a factual basis for the plea, the trial court first advised Barker of his *Boykin* rights, including against self-incrimination, specifically advising Barker that "you have the right not to incriminate yourself in any way,"and confirmed that Barker understood the rights. The trial court then confirmed that Barker's plea was not the result of "undue influence, compulsion, [or] duress," and that he was pleading guilty freely and voluntarily, and was doing so after being "fully advised of his right to a trial by jury and all the rights attendant thereto." . See *Williams v. State*, 334 Ga. App. 311, 313-314 (779 SE2d 91) (2015) (in a state-court proceeding, all that the record must show is an inquiry into the voluntariness of the plea, advice to the defendant as to the rights he is giving up, and an inquiry into the factual basis for the plea).

Accordingly, this contention fails.

4. We also find no merit to Barker's contention that plea counsel was ineffective for failing to challenge the indictment and for failing to advise him of his right against self-incrimination.

In this case, as shown in Divisions 2 and 3, Barker's contentions of ineffective assistance of plea counsel can be resolved adversely to him by the existing record, and the trial court did not err in denying his motion for an out-of-time appeal on these grounds. *Waye v. State*, 2017 Ga. LEXIS 530, at *1-2. See also *Marion v. State*, 287 Ga. 134, 135 (2) (695 SE2d 199) (2010).

*Judgment affirmed. McMillian and Mercier, JJ., concur*.