302 Ga. 356
FINAL COPY

S17A1406. WALKER v. THE STATE.

GRANT, Justice.

Appellant Kelvin Dejuan Walker appeals the denial of his motion for out-of-time appeal. We find no error and affirm.

In January 2001, Walker entered a counseled guilty plea to felony murder and aggravated assault in connection with a shooting resulting in the death of his estranged wife, Martina Walker, and injuries to another victim. The trial court sentenced Walker to life imprisonment for murder and a consecutive ten-year sentence for the aggravated assault; the State nolle prossed the remaining six counts in the indictment. In April 2001, during the following term of court, Walker filed a pro se motion to withdraw his guilty plea, which was denied for untimeliness, among other reasons. In August 2007, Walker filed a pro se motion in arrest of judgment, which was also denied.

In October 2016, Walker filed a pro se motion for out-of-time appeal, in which he claimed his convictions and sentences were void due to the trial

court's failure to merge his convictions. Walker also sought the appointment of counsel. In a single order, the trial court denied both motions. Walker now appeals.

It is well established that

[i]n order to receive an out-of-time appeal from a judgment entered on a guilty plea, an appellant must show (1) that the claims he seeks to raise on appeal can be resolved on the existing record; and (2) that the failure to pursue a timely appeal was due to the ineffective assistance of his plea counsel. But if the claims the appellant seeks to raise can be resolved against him on the face of the record, so that even a timely appeal would not have been successful, then plea counsel cannot be said to have rendered ineffective assistance in failing to advise the appellant or otherwise assist him in pursuing an appeal.

*Waye v. State*, 301 Ga. 469 (801 SE2d 818) (2017) (citations omitted). Thus, we must examine the facial validity of the claims Walker would raise were he permitted to appeal.

Walker asserted in his motion for out-of-time appeal that his convictions and sentences were "void because they merged." It is clear from the face of the record, however, that Walker's convictions and sentences were proper. The facts set forth at Walker's plea hearing established that Walker fatally shot his estranged wife inside their home, then exited the home and shot the second victim as she stood in the driveway calling 911.

"[M]urder and aggravated assault upon different victims do not merge as a matter of law." *Biddy v. State*, 253 Ga. 289, 292 (2) (319 SE2d 842) (1984). Accordingly, these two offenses did not merge, and the sentences imposed on each were proper. See OCGA §§ 16-5-1 (e) (1) (authorizing life sentence for murder); 16-5-21 (b) (authorizing term of one to twenty years for aggravated assault). Walker's claims therefore lack merit, and the trial court properly denied his motion for an out-of-time appeal.

Additionally, because Walker had no constitutional right to the assistance of counsel in pursuing his motion for out-of-time appeal, there was no error in the trial court's denial of Walker's motion seeking appointment of counsel. See *Brooks v. State*, 301 Ga. 748, 753 (3) (804 SE2d 1) (2017).

Judgment affirmed. All the Justices concur.

Decided October 16, 2017.

Murder, etc. Clayton Superior Court. Before Judge Collier.

Kelvin D. Walker, pro se.

Tracy Graham Lawson, District Attorney, Elizabeth A. Baker, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.