# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2018

*The Court of Appeals hereby passes the following order:*

**A18A2003.  WALTER LUTHER BAGBY v. THE STATE.**

In 2002, Walter Luther Bagby was convicted of aggravated child molestation (Count 1), child molestation (Count 2), and incest (Count 3).  The trial court sentenced Bagby to: 30 years for Count 1, to be served consecutively to any other time being served; 20 years for Count 2, consecutive to the sentence in Count 1; and 20 years for Count 3, concurrent with the sentence in Count 1.  In 2018, Bagby filed a motion to vacate a void and illegal sentence, arguing that the trial court improperly imposed a consecutive sentence, and that his sentence for child molestation exceeded the statutory minimum.  The trial court denied Bagby's motion, and Bagby filed this direct appeal.  We, however, lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Bagby's sentence was within the statutory range of punishment.  The trial court was empowered to impose a consecutive sentence.  See *Waye v. State*, 301 Ga. 469, 472 (III) (801 SE2d 818) (2017) (Georgia Law "expressly permits the imposition

of a consecutive sentence on a subsequent conviction."); OCGA § 17-10-10 (b). And Bagby's sentence for child molestation, at the time of his conviction, was within the statutory range of punishment. See OCGA § 16-6-4 (2001) ("A person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years."). Accordingly, because Bagby does not raise a valid void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/19/2018_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*