308 Ga. 652
FINAL COPY


S20A0489.  OLIVER v. THE STATE.


McMILLIAN, Justice.

Appellant Jacquan Oliver entered a negotiated plea of guilty to felony murder in connection with the shooting death of Alexander Mixon.[1] He now appeals from his conviction and sentence, arguing that the trial court abused its discretion in finding a factual basis for his guilty plea and in determining that his guilty plea was voluntarily, knowingly, and intelligently made. Because Oliver's

[1] The crimes occurred on November 24, 2018. In December 2018, a Dougherty County grand jury indicted Oliver and five others – Jacquarius Oliver, Jacquavious Oliver, Jaylen Miller, Iren Carter, and Mickee Carter – for malice murder, felony murder predicated on aggravated assault, conspiracy to commit armed robbery, armed robbery, aggravated assault, possession of a firearm during the commission of a felony, violation of the Street Gang Terrorism and Prevention Act, and first degree forgery. Oliver and Jacquarius Oliver were separately indicted for possession of a handgun by a person under the age of 18. Jacquavious Oliver was separately indicted for tampering with evidence.

On September 29, 2019, Oliver entered a negotiated plea of guilty to felony murder and was sentenced to serve life in prison with the possibility of parole. As to Oliver, the remaining counts were nolle prossed. After Oliver filed a timely notice of appeal on October 11, 2019, the case was docketed to this Court's term beginning in December 2019 and thereafter submitted for a decision on the briefs.

claims are without merit, we affirm.

1. Oliver's first claim — that the trial court abused its discretion in finding a sufficient factual basis for his plea — is clearly belied by the record. At Oliver's guilty plea hearing, the State proffered the following evidence. On November 24, 2018, police officers responded to a vacant home in Albany where Mixon, a restaurant delivery driver, had been shot through the neck while attempting to deliver an order; Mixon later died as a result of his wound.[2] Investigating officers determined that the phone used to place the delivery order belonged to the mother of co-indictee Jaylen Miller and that Miller was in possession of the phone when the order was placed. During interviews with the Albany Police Department, Miller explained that the co-indictees had placed the order and planned to offer the delivery driver counterfeit money. If the driver refused to accept the counterfeit bills, they planned to rob the driver of the food. Miller drove the group to the vacant home, and Oliver and co-indictee Iren Carter exited the vehicle to take the food from

---

[2] The record does not disclose further details of the shooting.

Mixon. Miller also told police that after the shooting, he and his co-indictees went to Jacquavious Oliver's house in Albany where Oliver left the gun. Officers executed a search warrant at the address and recovered the gun used in the crime, which Jacquavious Oliver admitted to having hidden in a cereal box.

Oliver, Jacquarius Oliver, Iren Carter, and Mickee Carter each made incriminating statements to police. Oliver admitted both that he owned the gun used in the murder and that he participated in the murder, although he identified Iren Carter as the shooter. Iren Carter, on the other hand, identified Oliver as the shooter. The State also noted that three of Oliver's co-indictees, all of whom entered guilty pleas to crimes arising from the shooting, had stated at their plea hearings that Oliver admitted to them that he shot the victim. Also, when Oliver and Iren Carter returned to Miller's vehicle after the shooting, Iren Carter carried the food while Oliver held the gun.[3]

Following the State's recitation of facts, the trial court asked

---

[3] The State explained at Oliver's guilty plea hearing that two of Oliver's co-indictees testified to this fact at their own guilty plea hearings.

Oliver, under oath, whether he had heard the State's recitation of facts and whether Oliver was pleading guilty to the murder of Mixon, as established by those facts. Oliver answered both questions in the affirmative. The trial court found on the record that there was a sufficient factual basis for Oliver's guilty plea and thereafter accepted the plea.

Oliver now argues that the factual basis for his guilty plea was inadequate because, during his interview with police, he had identified Iren Carter as the shooter. Uniform Superior Court Rule 33.9 provides that a trial court, before entering a judgment upon a guilty plea, must make an "inquiry on the record as may satisfy the [trial court] that there is a factual basis for the plea." "The rule requires nothing more than that the trial court make itself aware of the factual basis of the plea." *Freeman v. State*, 297 Ga. 146, 150 (3) (771 SE2d 889) (2015) (citation and punctuation omitted).

Here, the State proffered a detailed factual basis that established Oliver's guilt, at a minimum, as a party to the crime of felony murder. Specifically, the facts recited by the State showed

that Oliver participated in planning the crime, that he was one of the two participants to exit the vehicle and confront the victim, that he provided the gun used to shoot the victim, that he hid the gun at Jacquavious Oliver's house after the shooting, and that he admitted to at least three of his co-indictees that he shot Mixon. These facts establish a sufficient factual basis for Oliver's guilty plea to felony murder, "either as a direct participant or as a party to the crime. The trial court's acceptance of [Oliver's] plea establishes that it was satisfied with the recitation presented at the plea hearing, and we see no error in that finding." *Roberts v. State*, 298 Ga. 331, 331-332 (1) (782 SE2d 1) (2016) (citation omitted). See also *Williams v. State*, 304 Ga. 658, 661 (1) (821 SE2d 351) (2018) ("Whether a person is a party to a crime may be inferred from that person's presence, companionship, and conduct before, during, and after the crime." (citation and punctuation omitted)); *Tate v. State*, 287 Ga. 364, 367 (1) (b) (695 SE2d 591) (2010) (concluding adequate factual basis for appellant's guilty plea was presented "despite the existence of several contradictory accounts of the crimes that had been given

previously by [the appellant] and his [co-defendants]").

2. Oliver also asserts that the trial court erred in finding that his guilty plea was made voluntarily, knowingly, and intelligently because the trial court failed to engage in a colloquy with him regarding the privilege against self-incrimination, the right of confrontation, and the right to a trial by a jury of his peers and instead asked only whether he understood "all of [his] legal rights." It is well settled that, "[w]hen a judgment of conviction and sentence are entered upon a plea of guilty, the record must establish that the defendant at the time of his plea was aware of the essential constitutional protections . . . that he waives by pleading guilty and consenting to judgment without a trial." *Mims v. State*, 299 Ga. 578, 581 (2) (a) (787 SE2d 237) (2016) (citation and punctuation omitted). Viewing the record as a whole, we conclude that Oliver's claim is without merit.

Although Oliver correctly asserts that the trial court failed to specifically advise him of each of the rights he would waive by pleading guilty, the record reflects that Oliver was, in fact, informed

of his rights. Oliver, who was 18 years old and went to school through the ninth grade, signed and initialed an "Advice and Waiver of Rights Form." The form advised Oliver that he had the right to a trial by jury; that he was presumed innocent of all charges and that the State bore the burden of proving him guilty beyond a reasonable doubt; that he had the right to confront witnesses called against him and to examine them; that he had the right to testify and present witnesses on his own behalf; that he had the right to subpoena witnesses to appear in court; that he had the right to be assisted by an attorney during trial; and that he had the right not to testify at trial. The form also asked whether Oliver understood that by pleading guilty, he was waiving or giving up these rights. Oliver initialed each of these questions in the affirmative. See *Brown v. State*, 290 Ga. 50, 51-52 (1) (718 SE2d 1) (2011) (waiver-of-rights form is "some affirmative evidence that either the trial court or trial counsel entered into a colloquy with defendant" and explained his constitutional rights).

Moreover, Oliver testified that he understood his rights and

that plea counsel had reviewed his rights with him and answered any questions he had.[4] And when asked by the trial court whether he had any further questions for the court regarding his rights, Oliver responded in the negative. Finally, the Advice and Waiver of Rights Form included an order by the trial court entered at the time of the guilty plea in which the trial court found that the plea was "freely, understandingly, and voluntarily made." Under these circumstances, we conclude that Oliver was advised of his rights and that he understood that he was waiving those rights by pleading guilty.[5] See *Brooks v. State*, 299 Ga. 474, 477 (3) (788 SE2d 766) (2016) (defendant adequately informed of constitutional rights where defendant signed waiver-of-rights form and testified that plea

---

[4] Oliver likewise initialed the blank for a "yes" response to the question "Did your lawyer fully explain to you all your legal rights contained in this Advice and Waiver of Rights form?" Plea counsel also certified that Oliver read the form or the form was read to him in its entirety, that she fully explained each of the rights in the form to Oliver, and that she answered all of Oliver's questions about his rights and other matters in the form.

[5] In a third enumeration, Oliver argues that the trial court erred by sentencing him to serve life in prison because, he asserts, there was an insufficient factual basis for his guilty plea to felony murder and his plea was not entered voluntarily, knowingly, and intelligently. However, in view of our dispositions above, this claim also fails.

counsel reviewed the form with him). The trial court properly accepted Oliver's guilty plea.

*Judgment affirmed. All the Justices concur.*


DECIDED MAY 4, 2020.
Murder. Dougherty Superior Court. Before Judge Lockette.
*Troy E. Golden*, for appellant.
*Gregory W. Edwards, District Attorney, Harold R. Moroz, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General*, for appellee.