**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 23, 2020**

# In the Court of Appeals of Georgia

A19A0313. BUTTS v. THE STATE.

GOBEIL, Judge.

In his motion for an out-of-time appeal, Jamaarl Butts alleged in relevant part that plea counsel failed to advise him of the rights he would be waiving by pleading guilty or of his right to appeal. Further, he sought an evidentiary hearing in connection with his motion for an out-of-time appeal. Prior to the Supreme Court's decision in *Collier v. State*, 307 Ga. 363 (834 SE2d 769) (2019), the trial court denied the motion without conducting a hearing. In *Butts v. State*, Case No. A19A0313 (April 25, 2019) (unpublished), we affirmed the denial of Butts's pro se motion for an out-of-time appeal.

In doing so, we relied on *Brooks v. State*. 299 Ga. 474, 475 (788 SE2d 766) (2016) ("[I]f the claims the defendant seeks to raise in an out-of-time appeal can be

resolved against him on the face of the record, so that even a timely appeal would not have been successful, then the failure of plea counsel to advise the defendant to file such an appeal cannot be found professionally deficient, nor can any prejudice result. Thus, in such circumstances, *the trial court may deny the defendant's motion for an out-of-time appeal without conducting an evidentiary hearing.*") (citations and punctuation omitted; emphasis supplied). Thereafter, the Supreme Court of Georgia vacated our opinion and remanded for reconsideration in light of *Collier*. See *Butts v. State*, No. S19C1221 (Ga. Dec. 23, 2019).

In *Collier*, the Supreme Court clarified that a defendant seeking an out-of-time appeal, from either a conviction at trial or following a guilty plea, has to allege and show that counsel's ineffectiveness deprived him or her of the right to an appeal, and that the trial court must conduct a factual inquiry into the defendant's allegation that counsel's performance deprived him or her of the right to appeal. 307 Ga. at 365 (1), n.1, 376 (3).

In light of *Collier*, we vacate the trial court's \order denying the motion for out-of-time appeal, and we remand the case to the trial court for further proceedings consistent with *Collier*. *Warner v. State*, 353 Ga. App. 325, 326-327 (836 SE2d 638)

(2019); *Sosa v. State*, 352 Ga. App. 637, 638-639 (1) (835 SE2d 695) (2019); see also *Lane v. State*, 352 Ga. App. 589, 590 (835 SE2d 384) (2019).

*Judgment vacated and case remanded with direction. Dillard, P. J., and Hodges, J., concur*.